## LIVINGSTON *v.* WHITE et al.

'Where, in the settlement of a succession, two distinct judgments have been rendered, one
  upon a statement of debts filed by an administrator, and the other upon an account of his
  administration, and the application for appeal is from the judgment upon the statement of
  debts, but the bond is given as for an appeal from that upon the account, the appeal must be
  dismissed.

It is no part of the duty of a clerk to prepare an appeal bond, so as to bring any irregularity
  in its execution within the 19th section of the stat. of 20 March, 1839, authorising the Su-
  preme Court, in certain cases, to grant time for the correction of errors or irregularities.

An appeal must be dismissed where the appellant had not obtained an order authorising him
  to appeal.

Parties claiming as creditors or heirs must prove in the lower court that they are such, or
  they will not be heard as appellants from a judgment relative to the succession.

APPEAL from the Court of Probates of Morehouse, *Temple*, J. *Richard-
son* and *Baker*, for the appellants. *McGuire* and *Ray*, contrâ. The
judgment of the court was pronounced by

SLIDELL, J. This transcript, and the proceedings exhibited by it, are ex-
tremely confused. The transcript is entitled and endorsed as the case of *Aaron
Livingston* v. *Joseph A. White and others*. The proper title would seem to
be, *Succession of John T. White*, or *Joseph A. White and others* v. *Aaron Liv-
ingston, Administrator*. It is evident that there have been antecedent pro-
ceedings which have not been comprehended in the transcript, and this omis-
sion has tended to increase the perplexity. The transcript commences with a
statement of debts presented by *Livingston*, as administrator, and a petition for its
homologation. There are various motions to dismiss, which, after a careful ex-
amination of the transcript, we are compelled to sustain.

*Aaron Livingston* is one of the appellants. There were two distinct judg-
ments rendered. One was upon a classified statement of debts, filed by *Living-
ston*, as administrator. The other was upon an account of his administration,
filed by him. The appellant, *Livingston*, moved for an appeal, by a motion in
writing, signed by his attorney. In this motion he prayed for " an appeal from
the judgment rendered on the trial of the opposition to the statement of debts
in said estate," and also prayed " that the amount of a devolutive appeal bond
may be fixed for said appeal." At the foot of this written application is a me-
morandum, signed by the judge : "Bond fixed at $200." There is also an entry
on the minutes stating that a motion for appeal was granted, but not stating who
made the motion. The entry would seem, from the context, to refer to other
parties. The only bond filed by *Livingston*, is a bond in favor of *Joseph A.
White*, which recites that, " whereas the above bounden *Aaron Livingston* has
appealed from a certain judgment rendered against him in the Court of Pro-
bates for the parish of Morehouse, in the case of *Joseph A. White* v. *Aaron
Livingston, Administrator*, on opposition to account," &c. There is then a
written application by *Livingston* for an appeal from the judgment upon the
statement of debts, and an appeal bond as in case of appeal from the judgment
upon the account. The argument presented by the appellant is, " that the
judgment upon the account and the statement of debts were both rendered on
the same day, and that the clerk, it appears, has not mentioned in the bond the

judgment on the statement of debts, which is a mere clerical error, though the motion for appeal asks for an appeal from the judgment rendered on the trial of the opposition to the statement of debts." We find nothing in the transcript to establish that the discrepancy between the application and order and the bond, is attributable to the fault of the clerk, nor are we aware of any provision of law which makes it the duty of the clerk to prepare the bond of appeal, so as to bring the inequality in that respect withing the statute of 1839. We are unable to relieve the appellant, and the motion to dismiss must prevail. There is an appeal bond given by *A. D. Peck*, but we find no order authorising him to appeal. The motion must also prevail as to him. So also as to *Charles Perkins*, who has given no appeal bond.

The remaining appellants are *David White*, *McMoy*, and *Joseph A. White*. The two former claim as creditors, the later as heir. The claims of the two former were opposed, and were rejected by the judgment of the court below. We find no evidence sustaining their claims as creditors, and they are consequently not before us as parties in interest entitled to prosecute an appeal. Nor does the transcript contain any evidence establishing the right of *Joseph A. White* as heir, which, in proceedings of this nature, so far as the proceedings are shown by the transcript, he was bound to establish.

It is always with reluctance that we dismiss appeals; but the application to dismiss is insisted upon, and we cannot refuse it without establishing a precedent which would lead to extreme irregularity and embarrassment.

*Appeal dismissed.*