The opinion of the court was delivered by
Watkins, J.
The defendant prosecutes this appeal from a verdict and sentence to lifetime imprisonment under an indictment for rape, and he relies on three bills of exception reserved to the rulings of the trial judge during the progress of the trial, and one taken to his •charge to the jury.
I.
The three bills which were reserved during the progress of the trial appertain to the judge’s refusal to permit defendant’s counsel to cross-examine three witnesses of the State preliminary to their giving in evidence certain alleged confessions of the defendant, the object of defendant’s counsel, as stated in his bills of exception, being to ascertain whether or not the alleged confessions were freely and voluntarily made, as a condition precedent to their introduction as evidence.
The judge assigns as his reasons for refusing to permit defendant’s counsel to cross-examine State witnesses that “the court, and not the jury, nor the opposite party, is to be satisfied as to the competency of witnesses to testify, or the admissibility of such evidence. ' That the right of the opposite party to affect the weight of the evidence on the examination is not abridged in the least. The witness having testified that she heard the entire statement of the accused and remembered the substance of all of it, and that it was made by him voluntarily, without restraint or influence of any kind; and she stated the circumstances under which it was made.”
While it is no doubt true that it is for the court to be satisfied of the competency and admissibility of evidence, and not that of the jury, it is equally the right of an accused party to see that no incompetent or inadmissible testimony be adduced against him; and the fact that the trial judge feels satisfied of the competency or admissibility of certain proffered testimony can not exclude the right of the .accused to question it.
The competency and admissibility of testimony must necessarily be tried and determined before same is permitted to go to the jury *1188 as evidence. Recognizing this rule of law, 'the judge entertained the investigation of the question of the admissibility of the defendant’s alleged confession, and allowed questions to be put to the-"State’s witnesses tending to elicit the statements quoted; but when defendant’s counsel demanded the right to cross-examine these witnesses in the premises, his demand was refused for the reasons-assigned.
This was error of the judge.
Thus holding was virtually to decide that the determination of the admissibility of evidence is an ex parte proceeding, in which the accused has no concern whatever.
To say .that on the trial the defendant will have the right to offer other testimony for the purpose of disparaging the evidence adduced by witnesses for the State, in reference to the confession, is no answer to the objection that is pressed here. He had an undoubted right to participate in the trial of the preliminary issue — the admissibility of the alleged confessions vel non — before the evidence was permitted to go to the jury.
That right was distinctly recognized by us in State vs. Platte, 34 An. 1061. The question is formulated by the court thus:
“The first matter presented to our consideration is the ruling of' the judge a quo, refusing to hear evidence offered by the accused on the trial of the cause relating to the character of the alleged confession of the accused,” etc.; and of this ruling the court said:
“ It is elementary that the confession of an accused person is not admissible against him, unless it is a free and voluntary confession, and its character as such must be first shown as a prerequisite to its admission. When the State offers to make such proof, the issue as to the character of the confession is properly raised, and both sides have a right to be heard on this issue.
“ The inquiry on a question of such vital importance to an accused should be free and full, and it is not to be closed at the very instant that the State manages to eke out from the prosecuting witness that she, the witness, had made no threats or promises, and all opportunity denied to the other party to be heard. And the judge had no-right to conclude, as he says in the bill he did do, that the testimony offered by the accused could not be sufficient to overthrow the facts shown by the (State) witness.”
The trial judge in the instant case has fallen into a similar error. *1189 The accused had an undeniable right, by his counsel, to erossinterrogate the witnesses of the State in reference to the time, place .and circumstances of the alleged confessions, and to ascertain for himself whether same were voluntarily made. He can not be restricted to the sole right of attaching the confessions, once they are introduced in evidence, by other and countervailing proof.
This right was recognised and pursued in State vs. Collens, 37 An. 607.
To the same effect is State vs. Peters, 14 An. 521. 1 Greenleaf on Evidence, See. 219.
On this ground we think the case should be remanded for a new trial.
n.
The fourth bill of defendant was taken to the charge of the judge to the effect that “a girl under twelve years of age is incapable, under the law, of yielding consent to sexual connection.”
Having decided to remand the case, this question does not necessarily arise now, but we think it preferable that it should be determined, in order that the new trial may be facilitated.
The only case to which we have been referred as bearing on the question is that of State vs. Tilman, 30 An. 1240, in which our predecessors held that “ carnal intercourse with a female under twelve years of age amounts to the crime of rape.” The court announced that no statute of this State has declared that a female under twelve years of age is incapable of giving consent to sexual intercourse; but, upon the principles of the common law, and analogous provisions of our own, it thought a girl under twelve years of age was incapable of yielding such consent.
That opinion appears to be well reasoned, and the authorities cited pertinent, and we are not disposed to dissent from the views therein expressed. We therefore approve of the ruling of the trial judge in this respect.
It is therefore ordered and decreed that the verdict and judgment appealed from be annulled and set aside, and that the cause be remanded to court a qua, to be therein proceeded with according to law and the views herein expressed.