PROVOSTY, J.
This is an application for writs of certiorari and prohibition to the judge of the Thirteenth judicial district sitting for the parish of Bienville.
The relator, who was defendant in a suit before a justice of peace court, took an appeal to the court of the respondent judge, and perfected his appeal by giving bond conditioned according to law. The effect of this was to change the forum of the cause from the original to the appellate court. In order, however, that the cause should pass from the one court to the other, it became necessary for the appellant to procure a transcript of the proceedings of the lower court, and file same in the upper court. This he did.
Thereupon the clerk and the sheriff of the upper court (that of respondent) took a rule on the appellant (relator here) to show cause why he should not furnish security for the costs to accrue in the suit, in the same way that security is required to be furnished in cases originating in said upper court.
To this rule the appellant answered that, “as defendant and appellant he had given good and sufficient bond for a suspensive appeal to the district court, and, having complied with the law, could not be required to give further security.”
The respondent made the rule absolute, compelling the appellant to furnish the security demanded, and thereupon the present application to this court ensued. The prayer is that the respondent judge be ordered to vacate the order making said rule absolute, and to proceed to try the case without requiring the security for costs.
The respondent judge to the rule nisi issued to him has made return as follows: “The plaintiff in the original suit before the justice of peace court is a nonresident; that is, he does not reside in Bienville parish. He obtained judgment against Boone, who appealed to my court. Now, Boone gave appeal bond conditioned to ‘prosecute his appeal with effect, or pay such judgment as may be, rendered against him.’ The clerk and sheriff claim that, in the event Boone was successful in my court, they would have no recourse for their costs, Mathews being a nonresident. I ordered the appellant (defendant) to give security for costs of my court. If Mr. Boone should be successful with his appeal, he would say: ‘Mathews owes the costs. I have fulfilled the. conditions of my bond, and I owe no cost. I have prosecuted my appeal with effect.’ There is no settled jurisprudence of this subject for district courts, and, without further answer, I will let the court settle it. I do not espouse the cause of either. I think, however, that when officers do work they should get their pay with as little annoyance as possible. I do not wish to discuss it further.”
Our brother’s reasons are, we think, good and sound.
The relator invokes the provisions of Act No. 203 of 1898, §§ 4, 5. But the law, in our view, sustains the ruling of the respondent. The act, in its title, professes to be “to provide a general fee bill or bill of costs, regulating and fixing the fees and compensations allowed sheriffs, clerks and recorders, justices of the peace, constables and coroners in all civil matters, and to provide for the collection of the same,” etc. This title is very sweeping in its scope, and would seem to embrace the particular case in hand, for it purports to provide for the fixing of the fees “in all civil matters,” and for the collecting of the same; and the fees in question are fees in a civil matter.
But is the body of the act less complete and sweeping than the title? Let us see. Section 4 provides that the clerk may demand from plaintiff, for himself and the sheriff, a deposit of $10 “in each ordinary suit.” Section 5 provides that the clerk “may also demand security for costs at the time of filing suit.”
“The sections,” says counsel, “relate only to ordinary original suits in the district court.” We fail so to read the sections. The word “original” is nowhere written in them, and the word “ordinary” is found only in section 4. The security is demanded under section 5, not under section 4; and in section 5 the word “suit” is used without any qualification whatever. Besides, why should relator’s suit not be an ordinary suit. We should understand a not ordinary suit to be one possessing *213 some special feature entitling it to exemption from the requirement of security for costs, and we fail to discover any such special feature in an appeal from a justice of the peace court to a district court. Such an appeal is to he tried de novo; that is, just as if it had been originally filed in the appellate court. The appeal bond is not such a special feature, as is fully explained by the district judge in his return.
The deposit of $10 provided for in section 4 can be demanded only in ordinary suits, and of a plaintiff, but the security provided for in section 5 may be demanded in all suits. No distinction whatever is made.
Whether in a suit coming from a justice of the peace court on appeal the appellant is a plaintiff within the meaning of section 4 may be questionable. He would seem to be, since there would otherwise be no real plaintiff in the case, the original plaintiff having ceased to be a plaintiff, and haying become in reality a defendant in the suit. However, be that as it may, it is certain that under the act somebody must furnish security. The act deals with the subject of costs in its entirety, their fixing and their collecting. It is as comprehensive in respect to the collecting as in respect to the fixing. Now, if the appellant does not furnish the security, who will? Certainly not the original plaintiff, who has a judgment in his favor, and is in reality a defendant in the appellate court.
We agree entirely with the district judge that this appellant, who calls upon these officers to do work for his benefit, should, like auy other person coming into court, furnish security for the costs.
The rule nisi is vacated, and the application of relator is rejected, at his cost.