(43 South. 660.)

No. 16,442.

STATE v. MEHOJOVICH.

(February 4, 1907. Opinion on the Merits March 18, 1907. Rehearing Denied April 29, 1907.)

1. CRIMINAL LAW—APPEAL—RECORD—TRANSCRIPT—SETTING OUT EVIDENCE.

Subject to his right to maintain good order in his court, the judge cannot dictate what shall be included in, or omitted from, the pleadings of the defendant. If the defendant embodies in his motion for new trial a synopsis of the evidence, the judge cannot require that such synopsis be omitted from the transcript of appeal.

2. RAPE — ELEMENTS OF OFFENSE — AGE OF CONSENT.

Under the jurisprudence of the state of Louisiana, the carnal knowledge of a female child under the age of 12 years constitutes the crime of rape. Act No. 115, p. 165, of 1896, fixes the age of consent at 12 years.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Rape, § 12.]

3. CRIMINAL LAW—INSTRUCTIONS—PRIVILEGE OF WITNESS.

A requested charge that the privilege of the accused as a witness does not extend "to such physical circumstances as may exist on defendant's body or about his person" is a statement of a rule of evidence, which does not concern the jury.

4. SAME — APPEAL — HARMLESS ERROR — EVIDENCE.

Where the prosecution has made no attempt to compel the accused to submit to a second physical examination, the right to do so is a mere abstract question, and the failure of the prosecution to make the proof of the existence of the particular disease more certain worked no prejudice to the defendant.

5. SAME—INSTRUCTIONS—UNDUE PROMINENCE OF PARTICULAR MATTERS.

The judge cannot be required to pick out particular circumstances for the consideration of the jury, thus giving them undue prominence and importance.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 1969–1973.]

6. RAPE—EVIDENCE.

As in the carnal abuse of female children the want of consent is not an element of the offense, and consent is no defense, the particular rules of evidence, with one exception, applicable to the rape of women, have no application.

7. CRIMINAL LAW — APPEAL—REVIEW—QUESTIONS OF FACT.

The Supreme Court is without power in a criminal case to review the verdict of the jury on the facts of the case.

(Syllabus by the Court.)

Appeal from Criminal District Court, Parish of Orleans; Joshua G. Baker, Judge.

Lazar Mehojovich, alias George Morris, was convicted of rape, and appeals. Affirmed.

Chandler Clement Luzenberg and Henriques & Dunn, for appellant. Walter Guion, Atty. Gen., James Porter Parker, Dist. Atty., and Samuel Alexander Montgomery, Asst. Dist. Atty., for the State.

PROVOSTY, J. Four days after an appeal had been allowed in this case the trial court made an order instructing the clerk not to include in the transcript of appeal a certain part of defendant's motion for a new trial. Defendant included in his motion for a new trial a synopsis of the evidence in the case, and it is this synopsis which the trial court thought ought not to appear in the transcript.

Subject to the rule of decorum and the rule of not trifling with the court—in other words,

subject to the right of the trial judge to maintain good order in his court—the form and contents of a motion for new trial, or of any pleading, is a matter for the defendant to consider, and not the court. The idea that, apart from the right to maintain good order, the court may dictate what shall be, or what shall not be, included in the pleadings of defendant, is not to be entertained. Anything that may be contrary to this in the case of State ex rel. Haab v. Moise, 104 La. 63, 28 South. 902, is overruled.

A broad distinction is to be observed between the right of defendant to have evidence taken down or transcribed by the official stenographer of the court and his right to frame his pleadings as he thinks fit; in other words, to include in them whatever he deems necessary. In case the trial judge finds that in some respect they do not conform to the facts, he has the privilege of so stating in his per curiam; and the practice of this court is to accept the statement of the judge in case of conflict between it and that of defendant.

The object of the present proceeding is to have brought up the part of the motion for new trial improperly omitted from the transcript.

Let the writ issue as prayed.

## On the Merits.

LAND, J. The defendant was indicted in the usual form for rape, was tried, convicted, sentenced to death, and has appealed.

The female named in the indictment was a child of the age of 10 years, and, as stated in one of the bills of exception, "there was evidence in the case from which the jury could have concluded that the prosecutrix had consented to the sexual intercourse charged in the indictment as rape."

The judge charged the jury as follows:

"By the laws of this state a female child under the age of 12 years is incapable of giving legal consent to the act of sexual intercourse, so that every act of carnal connection with such a child will constitute the crime of rape."

The defendant excepted and requested the court to give the following special charges:

"I charge you that in Louisiana a female child over 10 years of age is capable in law of giving consent to the sexual act.

"When a male obtains the consent of a female over 10 years of age, but less than 12, to have sexual connection with her, and with her consent has sexual connection with her, such sexual connection with the consent of the female child is not rape."

The judge refused to give the special instructions as requested, and defendant excepted.

The charge of the court was in accordance with the jurisprudence of this state. See State v. Tilman, 30 La. Ann. 1249, 31 Am. Rep. 236; State v. Miller, 42 La. Ann. 1186, 8 South. 309, 21 Am. St. Rep. 418; State v. Jackson, 46 La. Ann. 547, 15 South. 402. Act No. 115, p. 165, of 1896, making "the carnal knowledge of any unmarried female between the ages of twelve and sixteen years with her consent" a felony, fixes the age of consent, and implies that a female child under 12 years of age is incapable of consent, and is protected by the statute against rape. While there was doubt as to what the common-law rule of rape was as to girls between the ages of 10 and 12 years, we consider that the question has been settled since 1878 in this state by the cases cited, re-enforced as they are by Act No. 115, p. 165, of 1896.

There were a number of bills reserved to the refusal of the court to give certain special charges and instructions, which we will proceed to consider in their order.

2. The defendant requested the court to charge as follows:

"The scope of a privilege protecting a witness from furnishing evidence against himself includes only the process of disclosure by utterance. It has no application to such physical evidential circumstances as may exist on the defendant's body or about his person."

The principles thus enunciated are rules of evidence which find their application dur-

ing the progress of the trial on objections seasonably made, and addressed to the court, and not the jury. There was no objection made to the evidence, or to anything that took place during the argument of the case, but it is attempted to make the special charge cover a dispute between counsel arising during the argument as to whether the state could compel the accused to submit to a forcible physical examination. The judge ruled in the affirmative in favor of the contention of the defendant, but in closing the case the assistant district attorney maintained that the state had no such right. No objection was made or bill reserved by the defendant at the time. The special charge in question was handed in before the argument commenced, and was not based on the incident just related. The said charge contains a mere abstract general proposition, and, if it had been delivered as requested, would not have informed the jury that the state had the right to compel the accused to submit to a forcible physical examination of his private parts. A requested charge which requires modification or explanation may be refused. The judge had ruled in favor of the abstract right of the state to force such an examination, and doubtless would have so instructed the jury, if he had been so requested at the time. The state had not attempted to force such an examination, but had acquiesced in the refusal of the defendant to submit to a second examination. If, as argued by defendant, the first examination was inconclusive because a certain test was not made, how could the accused be injured by the failure of the state to make out its proof with greater certainty? The abstract right vel non of the state to force an examination added not a jot or tittle to the evidence before the jury, and we cannot assume that the jury was influenced by the purely imaginary results of an examination which was never made.

3. The following special charge was requested:

"In deciding the guilt or innocence of the defendant, if you find from the evidence that it is a material fact whether the defendant was suffering from a venereal disease when arrested or after his arrest, then I charge you that it is the duty of the state to prove the existence of such venereal disease to your satisfaction, beyond a reasonable doubt."

The judge in his written charge explained to the jury the essentials of the crime of rape, and instructed them that all such essentials should be proven to their satisfaction beyond a reasonable doubt. He especially charged as follows:

"If, after giving a fair and impartial consideration to all the facts in the case, you find the evidence unsatisfactory upon any point indispensably necessary to constitute the prisoner's guilt, this would give rise to such a reasonable doubt as would justify you in rendering a verdict of not guilty."

It having been proven that the prosecutrix was only 10 years old, the only remaining issue was whether the accused had carnal knowledge of her with or without her consent. The testimony of the prosecutrix and a girl companion tended to show directly such sexual connection. A few days thereafter the prosecutrix was found to be infected with a venereal disease, and there was evidence tending to show that before and at the time of his arrest the accused was suffering from a similar complaint. The defense offered evidence tending to show that the accused did not have such a disease.

The written charge of the judge told the jury that the state was bound to prove to their satisfaction beyond a reasonable doubt every essential fact necessary to convict the defendant of the crime of rape. Carnal knowledge was one of the essential facts, provable by direct or circumstantial evidence or both. Whether the accused had a venereal disease when arrested was a circumstance which, taken together with other facts and circumstances, might tend to prove that he had carnal knowledge of the prosecutrix on

the occasion in question. The special charge singles out one fact or circumstance, and instructs the jury that, in deciding the guilt or innocence of the defendant, if they find such fact to be material, it is the duty of the state to prove its existence beyond a reasonable doubt. We agree with the district judge that, if the matter of the special charge was not covered by the general charge, the request was equivalent to instructing the jury that, unless they found that the accused had gonorrhœa, he could not be found guilty of the crime of rape.

The special charge was well calculated to impress the jury with the belief that the circumstances stated therein was a decisive factor in the determination of the case. The charge requested certainly required explanation and modification to the extent at least of instructing the jury that all the relevant and material evidence in the case should be considered and weighed in reaching a verdict on the question of the guilt or innocence of the accused. The disputed fact was but a link in the chain of circumstantial evidence, and there was no good reason in law for singling it out in a special charge to the jury. The judge properly declined to present the circumstance to the jury as a fact so prominent and important as to justify its segregation and special consideration. He could not have done so without indirectly expressing an opinion on the evidence.

In State v. Melton, 37 La. Ann. 81, the court said:

"It is not for the judge to pick out particular circumstances and tell the jury they must consider them. The jury determines for itself whether they will consider them or not, and what consideration is due to them."

4. The defendant requested the judge to give to the jury the following special charge:

"If the jury believe from the evidence that at the time the offense is alleged to have been committed the prosecuting witness made no outcry, and did not, as soon as an opportunity offered, complain of the offense to others, but concealed it for a considerable length of time thereafter, then the jury should take this circumstance into consideration with all other evidence in determining the guilt or innocence of the defendant, and whether in fact a rape was committed or not."

The per curiam is as follows:

"The requested charge contained in this bill would be calculated to mislead the jury, as the prosecutrix was under 12 years of age, and therefore incapable of giving consent."

The requested charge is good law in all cases when the alleged victim of the rape was over the age of 12 years at the time of the commission of the offense. It is admitted that in none of the numerous authorities cited does it appear that the doctrine has been applied to female children incapable of giving consent.

"Rape is the having of unlawful carnal knowledge by a man of a woman, forcibly and against her will." Bishop's New Criminal Law, 2, § 1113, citing Hawkins and Blackstone.

The carnal abuse of children is an offense in the nature of rape wherein the want of consent is not an element, Id. § 1112.

The resistance of the prosecutrix, her outcry and complaint, are admissible for the purpose of showing that she did not consent.

"A female child under the statutory age is conclusively presumed to be incapable of consenting to sexual intercourse, or, in other words, her consent is no defense." Elliott on Evidence, 4, § 3095.

The requested charge, if applicable at all, required modification, and was properly refused.

5. This special charge No. 8, consists of quotations from 1 Hale, 633, 1 East, P. C. 448, containing an exposition of the rules of evidence applicable to cases of rape in general, and pointing out the collateral facts and circumstances that tend to corroborate or discredit the prosecutrix. These rules apply to a woman, capable of giving consent, but have never in England or in this country, so far as we are advised, been applied to the carnal knowledge of female children under the age of consent. As we have al-

ready remarked, if this charge is applicable at all, it required modification and explanation. If the child willingly submitted, as one of the bills of exceptions states the evidence tended to show, she could not be expected to raise the hue and cry, pursue the offender, or make complaints. The consent of the child was immaterial. The sole disputed issue was the fact vel non of carnal knowledge.

For these reasons, as well as those assigned by the trial judge, we are of opinion that the special charge was properly refused as not applicable or at least misleading.

The defendant moved for a new trial on the following grounds:

"That the verdict is contrary to the law and the evidence; and the guilt of the defendant was not proven beyond all reasonable doubt."

After hearing argument the court overruled the motion for a new trial.

All the evidence taken on the trial is in the record. We have been strenuously urged to review the evidence annexed to the motion for a new trial, but we cannot do so. It was but the other day we said:

"This court is without power to review the verdict of the jury on the facts of the case." State v. Easley et al., ante, p. 690, 43 South. 279.

Finding that the defendant has had a fair trial, we are constrained to affirm the verdict and sentence, and the judgment appealed from is therefore affirmed.