The judgment appealed from is, therefore, affirmed.

=====

(45 South. 94.)

No. 16,845.

HURST v. SCHMIDT et al.

(Dec. 2, 1907.)

APPEAL—DISMISSAL—BOND.

Where there were two distinct judgments against the plaintiff in the same suit, and he applied for an appeal from the one, but gave bond as for an appeal from the other, the appeal will be dismissed.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred. Durieve King, Judge.

Action by Fred D. Hurst against Frank Schmidt and John A. J. Nelson. Judgment for defendant Nelson, and plaintiff appeals. Dismissed.

Barnard Bee Howard, William Aristée Wenck, and Joseph Kenton Bailey, for appellant. Titche & Rogers, for appellee, John A. J. Nelson.

LAND, J. Plaintiff sued Frank Schmidt, a police officer, and Jno. A. J. Nelson, the alleged surety on his bond, for damages in the sum of $2,500 for an alleged wanton and illegal arrest on the charge of loitering. By amended petition, the plaintiff alleged that, since the institution of the suit, he had discovered that the bond given by Schmidt and signed by Nelson was made in favor of the board of police commissioners of the city of New Orleans, and that plaintiff desired to make said board a party to the suit. Wherefore plaintiff prayed for judgment in solido against the board and the original defendants.

On November 5, 1907, all of the defendants excepted to the original and supplemental petition, on the ground that the same disclosed no cause of action. On the same day the defendant Nelson, through other counsel, filed a like exception in his own behalf. On February 7, 1907, the exceptions were fixed for trial for the next day. On February 8, 1907, the exception of John A. J. Nelson was maintained, and the judgment was rendered and signed on February 15, 1907. The first exception was tried on March 1, 1907, and taken under advisement. It was maintained by judgment in favor of the board of police commissioners, rendered March 11, 1907, and signed March 15, 1907. The exception as to the defendant Schmidt was referred to the merits of the case. On March 22, 1907, plaintiff filed a motion for a suspensive appeal from the judgment on the exception, which was granted and made returnable to the Supreme Court on the 1st day of April, 1907. The record does not show that any suspensive appeal bond was given. In the docket entries we find under date of April 5, 1907, the following entry: "Appeal bond null and void." Per se, the entry is unintelligible, and the record before us furnishes no explanation of its meaning. It may mean that the entry was null, or that the bond was null.

On October 16, 1907, the plaintiff was granted a devolutive appeal from the judgment in favor of Nelson, rendered February

8, 1907, and signed February 15, 1907, returnable to the Supreme Court on the third Monday of October, 1907. The bond was filed October 23, 1907, and recited that the plaintiff had this day filed a petition for a devolutive appeal from a final judgment against him in the suit "on the 11th day of March, 1907, and signed on the 15th day of March, 1907." The certificate of the clerk attached to the transcript is in the usual form, and shows that nothing was omitted.

The first and second ground of the motion to dismiss, based on the assumption that the plaintiff perfected his suspensive appeal, finds no support in the record before us.

The third ground is, in substance, that the appeal bond as furnished was from a different judgment from the one in favor of the appellee Nelson. This appears from the recitals of the bond itself, which by date identify the judgment as the one rendered in favor of the board of police commissioners.

There were two distinct judgments against the plaintiff. He applied for an appeal from one judgment, but the bond was given as for an appeal from the other judgment. The appeal must be dismissed. Livingston v. White, 2 La. Ann. 902, is directly in point. Omission in the bond of data sufficient to identify it with the judgment appealed from is fatal. Garland's. C. P. P. 575, No. 17.

It is therefore ordered that the appeal herein be dismissed, with costs.