MONROE, J.
Defendant having been convicted, under Act No. 115, p. 105, of 1896, of having carnal knowledge of an unmarried female between the ages of 12 and 16 years, moved for a new trial, on the ground that he had been induced to believe, by the affidavit in which the offense had been originally charged, and by hearsay, that the state would attempt to prove the commission of said offense on a Thursday, at night, whereas, on the trial, the prosecutrix testified that it had been committed on a Tuesday, during the day; that he had used due diligence to prepare his defense, as against the charge upon which he understood he would be prosecuted, and, had he known that the state would introduce evidence to establish the offense as testified to by the prosecutrix, he could have produced witnesses, whose names he gives, to establish an alibi with respect thereto.
To this motion are attached the affidavits of defendants (two) counsel to the facts stated and to their own' surprise. They also state that they believe that they could have shown, by at least four responsible witnesses, that defendant was not present at the time and place as testified by the prosecutrix. There are also attached the affidavits of the two Messrs. Dowling, of the farming corporation known as “Dowling Brothers, Limited,” to the effect that, on the day upon which the prosecutrix testified that the offense had been committed, defendant worked during the entire day, in their employment, in a field some three or four miles distant from the alleged scene of said offense, and was paid for the entire day’s work. The original affidavit against defendant, made by the father of the prosecuting witness, states the date of the offense as May 9, 1907. The indictment states it as August 1, 1907. And, according to the recitals in the motion for new trial and affidavits, the prosecutrix, in her testimony on the trial, fixed the date as May 7, 1907.
It does not appear that there was any suggestion of surprise in the trial court until after the conviction, and the judge a quo, in refusing the new trial, says:
“The verdict was in accordance with the evidence. The affidavits are merely cumulative.”
Upon the case as presented, this court finds itself unable to afford the defendant the relief for which he prays.
If defendant and his counsel were surprised, as we have no doubt they were, by the testimony of the prosecutrix, they should have so stated to the trial judge, with a request for a reasonable continuance in order to enable them to obtain testimony in rebuttal, and their omission to do so implies a waiver of whatever right defendant may have had on the score of the matter subsequently complained of. Marr’s Grim. Jur. of La. § 483, and authorities there cited.
The evidence referred to in defendant’s motion can hardly be called newly discovered, but, as the necessity for its introduction was *173 newly discovered, the result is about the same. The judge a quo, however, states that it was cumulative, and we find in the record no basis upon which to review his finding upon that subject. As was said in the case of State v. Albert, 109 La. 209, 33 South. 199 (to which we are referred by defendant’s counsel):
“We have no knowledge of what evidence was adduced on the trial of the cause. He (the judge)_ knew what it was, and saw and heard the witnesses testify. He was in a position to judge what effect, if any, the testimony of the alleged newly discovered witnesses would likely have had upon the jury, had it been introduced, and what it would be likely to have upon a second trial.”
See, also, State v. Ferguson, 114 La. 73, 74, 38 South. 23.
The judgment appealed from is, therefore, affirmed.