(60 South. 253.)

No. 19,672.

STATE v. IRBY.

(Dec. 16, 1912.)

*(Syllabus by the Court.)*

1. JURY (§ 131*)—CHALLENGES TO JURORS—GROUNDS.

It is immaterial to the state and to the accused whether a juror, examined on his voir dire, will, after hearing and considering the law and the evidence, form an opinion, which may be a firm one or not, or whether the opinion which he thus forms will yield to the persuasion of his fellow jurors or not, so long as his conclusion is based upon the law and evidence heard by him on the trial of the cause.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 561–582; Dec. Dig. § 131.*]

2. CRIMINAL LAW (§ 1124*)—APPEAL—RECORD—QUESTIONS PRESENTED FOR REVIEW.

A bill of exceptions will not be considered where it fails to point out the alleged error of the court in refusing a motion for a new trial, particularly where said motion is not made a part of said bill.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2946–2948; Dec. Dig. § 1124.*]

3. CRIMINAL LAW (§ 941*) — NEW TRIAL — GROUNDS—NEWLY DISCOVERED EVIDENCE—CORROBORATIVE EVIDENCE.

Newly discovered evidence merely corroborative of the evidence already offered on the trial is not sufficient basis for granting a new trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2328–2330; Dec. Dig. § 941.*]

4. CRIMINAL LAW (§ 939*) — NEW TRIAL — GROUNDS—NEWLY DISCOVERED EVIDENCE—DILIGENCE.

Diligence must be shown by the accused to entitle him to a new trial based upon newly discovered evidence. State v. Wilson, 114 La. 398, 38 South. 397; State v. Sparks, 112 La. 418, 36 South. 479; State v. Callian, 109 La. 346, 33 South. 363; State v. Lejeune, 52 La. Ann. 463, 26 South. 992; State v. Sadler, 51 La. Ann. 1397, 26 South. 390; State v. Bailey, 50 La. Ann. 533, 23 South. 603; State v. Hendrix, 45 La. Ann. 500, 12 South. 621; State v. Travis, 39 La. Ann. 356, 1 South. 817; State v. Hyland, 36 La. Ann. 709; State v. Fahey, 35 La. Ann. 9; State v. Young, 107 La. 618, 31 South. 993; State v. Maxey, 107 La. 799, 32 South. 206; State v. Crenshaw, 45 La. Ann. 496, 12 South. 628; State v. Chambers, 43 La. Ann. 1108, 10 South. 247.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2318–2323; Dec. Dig. § 939.*]

5. CRIMINAL LAW (§ 958*)—NEW TRIAL—PROCEEDINGS TO PROCURE—AFFIDAVIT.

An application for a new trial based on the ground of newly discovered evidence must be supported by the affidavit of other persons than that of the defendant, who seeks to obtain a new trial. State v. Young, 34 La. Ann. 347; State v. Edwards, 34 La. Ann. 1012; State v. Miller, 36 La. Ann. 158; State v. Washington, 36 La. Ann. 341; State v. Cotten, 36 La. Ann. 980; State v. Hanks, 39 La. Ann. 234, 1 South. 458; State v. Adams, 39 La. Ann. 238, 1 South. 455; State v. Jones, 112 La. 980, 36 South. 825; State v. Callian, 109 La. 346, 33 South. 363.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2396–2403; Dec. Dig. § 958.*]

6. CRIMINAL LAW (§ 956*)—NEW TRIAL—GROUNDS—MISCONDUCT OF JUROR.

To justify the setting aside of a verdict on the ground of misconduct of a juror, the proof must be clear and convincing. State v. Perioux, 107 La. 601, 31 South. 1016; State v. Garig, 43 La. Ann. 365, 8 South. 934; State v. Brette, 6 La. Ann. 652.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2373–2391; Dec. Dig. § 956.*]

Appeal from Thirteenth Judicial District Court, Parish of Grant; W. F. Blackman, Judge.

Thomas O. Irby was convicted of rape, and appeals. Affirmed.

Joel M. Durham, of Colfax, Harry McEvoy Brennan, of Jennings, and J. H. Harper, of El Paso, Tex., for appellant. R. G. Pleasant, Atty. Gen., and John R. Hunter, Dist. Atty., of Alexandria (G. A. Gondran, of Donaldsonville, of counsel), for the State.

SOMMERVILLE, J. Defendant appeals from a verdict finding him guilty of rape without capital punishment; and a sentence condemning him to hard labor for the balance of his life in the state penitentiary.

[1] The first bill of exceptions is taken to the ruling of the court sustaining an objection made by the district attorney to the following question to a juror who was being examined on his voir dire:

"Would you, if taken as a juror, after hearing the evidence in the case, form your own

opinion, which would be so firm you would not be persuaded by your fellow jurors on final decision?"

The question was objected to on the part of the state because it was improper.

The ruling of the district court was correct. The question was irrelevant and immaterial. The duty of a juror is to hear and consider the evidence given on the trial, and to do the same with reference to the charge given by the judge. The law directs him to consider both the law and the evidence in arriving at his verdict; and, while he is expected to discuss the law and the evidence with his fellow jurors, he is not expected to yield his conclusion to the persuasion of other jurors, and to base his verdict upon their persuasive powers.

He must form his own conclusions; and it is immaterial to the defendant, on an examination of a juror on his voir dire, as to whether the opinion which he might form after hearing the law and the evidence was firm or not, or whether he would yield to the persuasiveness of another juror or not. His examination on his voir dire is for the purpose of ascertaining whether he can give to the state and the prisoner a fair and impartial trial.

[2] The second bill of exceptions reads as follows:

"Be it known and remembered that on the trial of the above cause the defendant having filed a motion for a new trial, and the said motion having been heard by the court was overruled for the following reasons, to wit: 'For the reasons, assigned and filed, and attached hereto,' to which ruling defendant's counsel objected and reserved a bill of exceptions and tendered this his bill to the court for the court to sign, and to the district attorney for approval."

The bill of exceptions fails to point out any special ruling of the court to which objection is made. The motion for the new trial is not made a part of the bill; and there is therefore nothing before us to consider.

[3-6] We have examined the motion for a new trial found in the record, and which was based on two grounds: First, of newly discovered evidence in the possession of one Drewett, and to the disqualification of a juror who had sat on the trial of the case, and who had formed or expressed an opinion as to the guilt of the accused. We agree with the ruling of the district judge in overruling this motion for a new trial, which is as follows:

"This motion is dismissed because the evidence of Drewett, if true, would only corroborate what was testified to on the trial, and because it would contradict and impeach the witness: and, further, because no diligence has been shown that defendant, the accused, could not have had this evidence if diligent inquiry had been made, and because there is no affidavit of Drewett attached to the petition as to the facts that he would swear to.

"As to the juror, Smith, the evidence fails to establish the charge made in the motion by the accused; and the juror was in no way disqualified to serve as such, as no proof of his having formed or expressed an opinion whatever as to the guilt or innocence of the accused was introduced."

The judgment and sentence appealed from are affirmed.