SOMMERVILLE, J.
Defendant was found guilty of rape, committed upon his daughter, under twelve years of age. The verdict of the jury was qualified, and defendant bases his appeal, asking for a reversal of the judgment condemning him to life imprisonment, upon grounds set forth in four bills of exceptions.
[1] The first bill is reserved to the ruling of the court in permitting a child of ten years of age to testify concerning things which happened some four years before. Whether the witness remembered, or did not remember, the things and matters which he *794 testified about, and which he said had happened some four years previously, is a matter for the jury to determine. The testimony cannot be reviewed by the Supreme Court.
[2] The next bill of exceptions is taken to the ruling of the court in excluding a sworn statement made by the prosecutrix, which went to show that defendant was not guilty of committing the crime of rape upon her.
It appears from the bill that, while the prosecutrix was on the witness stand, she was asked concerning this affidavit, or sworn statement, and she admitted having made the same. She was fully examined by the district attorney and by counsel for defendant about the contents of this affidavit, and her testimony could not therefore be impeached by producing and filing said affidavit. Having admitted that she made the affidavit, there was nothing to contradict; there was nothing to impeach in her testimony in connection with the affidavit.
In State v. Goodbier, 48 La. 770, 19 South. 755, we say in the syllabus:
“If the witness admits the contradictory statements, the accused can offer no proof of the contradictions thus admitted, although such proof is proposed to be given to show the falsity of the explanations of the witness why he made the statements contrary of his testimony” (citing Wharton’s Crim. Ev. § 483, and Rapalje, Law of AVitnesses, § 204).
[3] The next bill is reserved to the ruling of the court in refusing to give several special charges requested by the defendant.
The court properly refused to charge the jury that:
“The evidence of the prosecutrix, the party claimed to have been ravished, is not sufficient to convict, unless corroborated by other evidence, where the defendant testifies and denies the charge of guilt.”
The court properly charged that the jury were to consider the evidence of the accused as any other witness, and that they could, if their minds were satisfied beyond a reasonable doubt, convict, without corroborating circumstances, on the evidence of the prosecutrix, but that it was unsafe to convict without corroborating circumstances supporting the evidence of the prosecutrix. The charge is in conformity with the rules of evidence, and it is approved.
[4] The next requested charge was that:
“If the indictment shows that the act of rape was committed by force, and against the will of the prosecutrix, it must be so proved, and conviction cannot be had upon the evidence that the female was under the age of consent, even had such evidence sustained the conviction, had the indictment been framed with reference thereto.”
The requested charge appears to be inapplicable to the case, as the trial judge says that the proof showed that the prosecutrix was under twelve years of age, and, under the persuasion of her father, gave her consent, although the law considers a child of that age as incapable of giving consent. The testimony does not appear to have been objected to. The charge was properly refused. Several of the other requested charges have reference to the crime of rape committed upon a person over the age of twelve years; they were inapplicable, and were properly refused.
The trial court followed the ruling of this court in the case of State v. Mehojovich, 118 La. 1013, 1020, 43 South. 660, 663, from which we quote as follows:
“The defendant requested the judge to give to the jury the following special charge: ‘If the jury believe from the evidence that at the time the offense is alleged to have been committed the prosecuting witness made no outcry, and did not, as soon as an opportunity offered, complain of the offense to others, but concealed it for a considerable length of time thereafter, then the jury should take this circumstance into consideration with all other evidence in determining the guilt or innocence of the defendant, and whether in fact a rape was committed or not.’
“The per curiam is as follows: ‘The requested charge contained in this bill would be calculated to mislead the jury, as the prosecutrix was under twelve years of age, and therefore incapable of giving consent.’ The requested charge is good law in all cases when the alleged victim of the rape was over the age of twelve years at the time of the commission of the offense. It is admitted that in none of the numerous authorities cited does it appear that the doctrine has been *796 applied to female children incapable of giving consent. * * *
“The carnal abuse of children is an offense in the nature of rape wherein the want of consent is not an element.
“The resistance of the prosecutrix, her outcry and complaint, are admissible for the purpose of showing that she did not consent.
“A female child under the statutory age' is conclusively presumed to be incapable of consenting to sexual intercourse, or, in other words, her consent is no defence. Elliott on Evidence, 4, No. 3095. * * *
“These rules apply to a woman, capable of giving consent, but have never in England or in this country, so far as we are advised, been applied to the carnal knowledge of female children under, the age of consent.”
While the indictment charges that the accused “did willfully, maliciously, and feloniously, in and upon Louise Folden, feloniously and violently did make an assault, and her, the said Louise Folden, then and there violently and against her will feloniously did ravish and carnally know,” etc., and, while the evidence shows that the child yielded to her father’s persuasions, and no force was used by him, yet, she being under twelve years of age, and not capable of giving consent, the assault by the accused was felonious and violent, and against the child’s will; for she was not capable to consent that any one should have sexual intercourse with her. State v. Tilman, 30 La. Ann. 1249, 31 Am. Rep. 236; State v. Miller, 42 La. 1186, 8 South. 309, 21 Am. St. Rep. 418; State v. Jackson, 46 La. 547, 15 South. 402.
[5] The last bill of exceptions is taken to the overruling of a motion for a new trial, based on newly discovered evidence. The trial judge, in his per curiam, says that defendant had not used proper diligence in getting the evidence referred to, and, further, that it was simply cumulative.
The evidence in the case was not all taken down, and it is not in the record; therefore we cannot decide that the evidence was or was not cumulative. The ruling cannot be reviewed. State v. Sloan, 120 La. 170, 45 South. 50; State v. Pamelia, 122 La. 207, 47 South. 508.
[6] The newly discovered evidence being merely cumulative would not change the result. State v. Albert, 109 La. 201, 33 South. 196; State v. Sims, 117 La. 1036, 42 South. 494; State v. Turner, 122 La. 371, 47 South. 685.
The affidavit of the alleged newly discovered witness, attached to the motion for a new trial, indicates that his testimony was intended to discredit the prosecuting witness. Under such circumstances, the general rule is that a new trial will not be granted that such testimony may be admitted. State v. Young, 107 La. 618, 31 South. 993; State v. Maxey, 107 La. 799, 32 South. 206; State v. Washington, 108 La. 226, 32 South. 396.
The granting of a motion for a new trial is left largely to the discretion of the trial judge; and his refusal to grant such motion will not be reversed unless manifest error is shown. State v. Pastor, 111 La. 717, 35 South. 839; State v. Latham, 125 La. 963, 52 South. 113; State v. Lee, 127 La. 265, 53 South. 559; State v. Thomas, 127 La. 273, 53 South. 562; State v. Irby, 131 La. 795, 60 South. 253.
Judgment affirmed.