(79 South. 328)

No. 22954.

REAGAN et al. v. LOUISIANA WESTERN R. CO.

In re REAGAN et al.

(June 29, 1918.)

*(Syllabus by Editorial Staff.)*

1. CERTIORARI ⬦64(1)—REVIEW—SCOPE.

Where defendant, who appealed to the district court, acquiesced in its judgment overruling appellee's motion to dismiss the appeal, and does not ask any relief on appellee's certiorari, Supreme Court need not consider correctness of ruling rejecting defendant's demand for dismissal of suit because abandoned.

2. JUSTICES OF THE PEACE ⬦167(3)—APPEAL — DISMISSAL FOR WANT OF PROSECUTION — PARTIES—STATUTE.

Under Civ. Code, art. 3519, as amended by Act No. 107 of 1898, providing that if plaintiff allows five years to elapse without prosecuting suit shall be considered abandoned, and in view of Code Prac. art. 100, defining plaintiffs, defendant, appealing from justice's court, does not become plaintiff in district court, and his appeal will not be dismissed for lapse of five years, without prosecution.

Suit by Mary Ann Reagan and others against the Louisiana Western Railroad Company. Judgment for plaintiffs in justice's court, and defendant appealed to the district court. Plaintiffs' motion to dismiss the appeal and defendant's demand to have the suit dismissed were overruled, and plaintiffs apply for writ of certiorari. Ruling refusing to dismiss the appeal affirmed.

Smith & Carmouche, of Crowley, for relators. Philip S. Pugh, of Crowley, and Denegre, Leovy & Chaffe, of New Orleans, for respondent Louisiana Western R. Co.

O'NIELL, J. The relators filed suit and obtained judgment against the defendant railroad company in the justice of the peace court, for the value of a cow killed by a train. The defendant took a suspensive appeal to the district court, where the case remained more than five years without any proceeding being had or action taken in the prosecution of the suit or appeal.

The plaintiffs, appellees in the district court, invoking the Act No. 107 of 1898, p. 155, took a rule upon the appellant to show cause why the appeal should not be dismissed. In answer to the rule, the appellant urged that, according to the terms of the statute, the appeal should not be dismissed, but the suit itself should be considered abandoned, and should therefore be dismissed. After trial of the rule, the district judge overruled the appellees' motion to dismiss the appeal, and also the appellant's demand to have the suit itself dismissed. The case is before us on a writ of certiorari issued at the instance of the plaintiffs, appellees in the district court, demanding merely that the appeal to that court be dismissed and the case remanded to the justice of the peace court for execution of the judgment of that court.

[1] As the defendant, appellant in the district court, has acquiesced in the judgment rendered by that court on the rule to show cause why the appeal should not be dismissed and is not asking for any relief at the hands of this court, we are not called upon to consider whether the ruling was correct in so far as it rejected the defendant's demand to have the suit itself dismissed as having been abandoned. The only question presented is whether the appeal to the district court should have been dismissed.

[2] Act No. 107 of 1898 is an amendment of, or addition to, article 3519 of the Civil Code, under the heading, "Of the Causes Which Interrupt Prescription." Before being amended, the article provided:

"If the plaintiff in this case, after having made his demand abandons or discontinues it, the interruption [of prescription] shall be considered as having never happened."

The statute added this paragraph, viz.:

"Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."

To hold that the statute is authority for a district judge to dismiss an appeal, because of the lapse of five years without any steps being taken in the prosecution thereof, we would have to say that a defendant who appeals from a judgment rendered in a justice of the peace court becomes the plaintiff in the district court. As appeals from the justice of the peace court are tried de novo in the district court, a defendant cannot be regarded as plaintiff merely because he is appellant in the district court.

In support of their contention that an appellant is to be considered a plaintiff in the district court, even though he was defendant in the justice of the peace court, the relators rely upon the decision in State ex rel. Boone v. Edwards, Judge, 109 La. 210, 33 South. 199. The ruling in that case was merely that, under section 5 of Act No. 203 of 1898, the clerk of the district court could require an appellant before that court to give security for costs, although the appellant was defendant in the justice of the peace court. The basis of the ruling was that the statute did not restrict to plaintiffs the duty of furnishing bond for costs, but declared merely that the clerks of district courts might de-

mand security for costs at the time of the filing of a suit. It was not said that every appellant should be regarded as a plaintiff. On the contrary, it was said to be questionable whether a defendant, on appeal to the district court, became the plaintiff in the suit.

Be that as it may, article 100 of the Code of Practice declares that the plaintiff in a suit is the one who sues another for something that he says is due or belongs to him, and that the defendant is the one against whom the suit is brought.

Act No. 107 of 1898 was not intended to provide a cause or ground for dismissing an appeal. The object or purpose expressed in its title is merely "to amend and re-enact article 3519 of the Revised Civil Code of 1870." That article has no reference whatever to causes for dismissing an appeal.

The ruling of the district court, refusing to dismiss the appeal, is affirmed.