(85 South. 650)

No. 24081.

## STATE v. WILLIAMS.

(June 30, 1920.)

*(Syllabus by the Court.)*

Criminal law ⬥945(1)—New trial not warranted by newly discovered evidence not likely to change result.

Unless alleged newly discovered evidence appears to be of a character which probably will, or should, produce a result different from that reached by a jury in a criminal prosecution, the trial judge is justified in refusing a new trial upon that ground.

Appeal from Thirteenth Judicial District Court, Parish of Rapides; J. A. Williams, Judge.

Ed Williams was convicted on a charge of shooting with intent to kill, and he appeals. Affirmed.

Hakenyos, Hunter & Scott, of Alexandria, for appellant.

A. V. Coco, Atty. Gen., and T. A. Carter, Dist. Atty., of Alexandria (T. S. Walmsley, of New Orleans, of counsel), for the State.

MONROE, C. J. Defendant, having been convicted upon a charge of shooting with the intent to kill, and sentenced to imprisonment at hard labor, presents his case to this court upon a bill of exception reserved to the overruling of a motion for new trial, as follows: The motion alleges that defendant was convicted on the testimony of Howard Hagens who did not see the shooting; of Will Jones, Oscar Sanders, and Dennis Ewell, who did not see the shooting and testified to no material facts; of Francis Jones, who testified that defendant went out of the church with a pistol in his hand, though he did not see the shooting; and of Albert Kennedy, who was shot, and who testified that he saw mover, "by the light of the gun," as it was fired; that he and mover had never had any trouble; had none that night; and that mover just walked to the door and shot him. It further alleges that the evidence for the defense consisted of proof of the good character of mover and the bad character of Kennedy; the testimony of Parson Green to the effect that Kennedy told him that he had a broken pistol that night; and the testimony of mover and his brother, Sam Williams, to the effect that mover was trying to gain entrance into a church, where a fight was going on, in order to get out his wife and child, and that he was stopped at the door by Kennedy, "who threw a pistol in his face, when mover fired"; that the evi-

dence for the state was unreasonable and inconsistent with human experience; the evidence for the defense was consistent and showed that mover acted in self-defense and from natural motives, consistent with the past friendly relations between him and the man who was shot by him. * * * That, since the trial, mover has discovered, with the aid * * * of his mother, two witnesses whom he did not know of at the time of the trial; that he attaches their affidavits to the motion. The affidavits are those of Sambo Jasper and Carson Fields. Jasper testifies that he was standing near Kennedy when the latter was shot; that he turned and saw him with one hand on his hip pocket, under his overcoat, and the other on his mouth; that he asked Kennedy if he was shot, at the same time placing one hand on his shoulder and the other on his hip pocket; that he felt a pistol in the hip pocket; that he was not in a position to say whether Kennedy had previously drawn a pistol; that, immediately after the shooting, Gus Kennedy, brother of Albert Kennedy, raised a pistol in the air and asked who had done the shooting; that there was considerable squabbling at the door of the church, just prior to the shooting.

Carson Fields makes affidavit to the effect that he was standing near Kennedy when the shooting occurred; that he did not see defendant at that time, and does not know who did the shooting; that, "immediately before the shot was fired, he saw Albert Kennedy reach in his hip pocket and draw a pistol and, pointing in the direction of some person who was in the door of the church, say, 'I am not letting anybody in or out of here,' and, at that time, the pistol fired from the outside; that affiant knows that Albert Kennedy had pointed the pistol in the direction of the person who was on the outside of the door, but was not in a position to see who that party was." He further swears that he had not previously informed defendant of what he knew.

The statement per curiam, attached to bill, reads, in part:

"The court felt that the law and the evidence justified the verdict of the jury. The evidence disclosed the fact that the shooting took place at a negro school exhibition, at which place the man shot was the doorkeeper of the occasion and the party charged with the shooting was attempting to make an entrance into the building without paying the price of admission, it being claimed that there was a row going on, on the inside, and that the accused shot the doorkeeper while thus attempting to make his entrance into the church where the entertainment was going on. * * * Regarding the sworn statement of the two witnesses, set forth as newly discovered evidence, will say that there does not appear to be anything in the statements which will serve as newly discovered evidence, but solely as cumulative evidence, as several witnesses testified that they were present and did not see the shooting. It was shown that Ed Williams armed himself with a pistol just before he left his home for the church; and, also, it was shown that the party shot did have in his pocket a broken pistol, carried to the church to be used by the children, who were giving closing exercises of a colored school."

That the newly discovered witness, Jasper, found the pistol in Kennedy's pocket immediately after Kennedy had been shot, does not appear altogether consistent with the statement of the other witness that Kennedy had drawn the pistol before the shooting, since a man who has been shot is not likely to concern himself, immediately, with the matter of returning to his pocket a broken pistol. But, from any point of view, as based on the admitted facts and proposed evidence, we find nothing to justify the belief that the latter could, or should, have produced a result different from that reached. The new trial was therefore properly refused. Marr's Crim. Jur. of La. p. 830, note "d"; State v. Ferguson, 114 La. 73, 38 South. 23; State v. Sloan, 120 La. 173, 45 South. 50.

Judgment affirmed.