LAND, J.
(dissenting). In the case of State v. Ferguson, 114 La. 74, 38 South. 24, cited in the opinion of the majority, we said:
“In State v. Albert, 109 La. 210, 33 South. 199, the Chief Justice, as the organ of the court, said: ‘Where a court refuses a new trial on the ground that the newly discovered evidence offered is merely cumulative, it is tantamount to saying that, were it offered in a new trial, the result of the second trial would not, in its opinion, be different from that of the first.’
“As the record in this case does not contain the evidence heard upon the trial, the opinion of the trial judge upon the question whether the evidence sought to be presented would be merely cumulative thereto, and whether, if heard upon a new trial, it would be likely to bring about a result different from that already arrived at, is necessarily conclusive in this court." (Italics mine.)
So the reason given by the trial judge in the present case for overruling the motion for a new trial that “the facts set out in the motion as newly discovered evidence are matters that were gone into on the original trial, and, at best, were only cumulative evidence,” is necessarily conclusive in this court: First, upon the question that the newly discovered evidence was merely cumulative; and éecond, upon the question that it would not have changed the result on the second trial, as the evidence heard upon the trial is not contained in the record in this case. '
In the case of the State v. Sloan, 120 La. 170, 45 South. 50, the court said:
“The judge a quo, however, states that it was cumulative, and we find in the record no basis upon which to review his finding upon that subject. As was said in the case of State v. Albert, 109 La. 209, 33 South. 199 (to which we are referred by defendant’s counsel): • ‘We have no knowledge of what evidence was adduced at the trial of the cause. He (the judge) knew what it was, and saw and heard the witnesses testify. He was in a position to judge what effect, if any, the testimony of the alleged newly discovered witnesses would likely have had upon the jury, had it been introduced, and what it would be likely to have upon a second trial.’ See, also, State v. Ferguson, 114 La. 73, 74, 38 South. 23. The judgment appealed from is therefore affirmed.” (Italics mine.)
In the case of the State v. Folden, 135 La. 795, 66 South. 225, in which a new trial had been overruled by the lower court for lack: of proper diligence and because the newly discovered evidence was simply cumulative, the court said:
“The evidence in the case was not all taken down, and it is not in the record; therefore we cannot decide that the evidence was or was not cumulative. The ruling cannot be reviewed. State v. Sloan, 120 La. 170, 45 South. 50 ; State v. Pamelia, 122 La. 207, 47 South., 508.” (Italics mine.)
This court has repeatedly held that, where the trial judge rules that the evidence relied on for the purpose of an application for a new trial would be cumulative, and the transcript does not contain the evidence introduced at the trial, there is no basis upon which this court can review such ruling, which is necessarily conclusive in this court for that reason.
The judgment appealed from should be affirmed.
I therefore respectfully dissent from the opinion of the majority of the court in this case.'