### State *v.* Heinrich Haase.

In a criminal case the Supreme Court cannot assume jurisdiction over questions of fact decided by the court below on a motion for a new trial.

| 14 | 79 |
|---|---|
| 109 | 351 |

APPEAL from the First District Court of New Orleans, *Hunt*, J.

*E. W. Moïse*, Attorney General, for the State.   *G. Schmidt*, for defendant and appellant.

Cole, J.   The defendant has appealed from the judgment of the court upon a verdict pronouncing him guilty of the murder of his wife.

The sole point made by appellant in this court is, that the District Court erred in overruling the motion for a new trial.

The motion was predicated on the allegation, that the accused was insane at the time he committed the murder.

In support of the motion several affidavits were presented, which contain the opinions of the affiants, that he was insane for a time shortly anterior to, and at the time of, the homicide.

One of the witnesses states that he appeared to be insane on the subject of the infidelity of his wife, and seemed to have always before his mind the man who he believed to have seduced her.

The District Judge, in overruling the motion for a new trial, says, that the plea of insanity was urged by one of the counsel of defendant at the trial, and besides declares it to be his opinion, " that if the declarations in the affidavits accompanying the motion had been submitted to the jury on the trial, they would not have influenced the jury to find a verdict different from that which they rendered on the evidence before them."

The affidavits present a mere question as to the sanity of the prisoner, which is a question of fact and not of law, and we cannot assume jurisdiction over it.

Judgment affirmed, with costs.