State of Louisiana vs. Breckenridge.

No. 7974.

STATE OF LOUISIANA VS. LOUIS BRECKENRIDGE.

In a prosecution for assault with intent to commit robbery, the accused is not entitled to such a charge to the jury as, that "the evidence must show that the prisoner laid hands on the party against whom the offense was charged to have been committed, or demanded his money."

The offence may be proved in other ways.

The jury in criminal cases being the sole judges of the evidence, the accused is not entitled to the unqualified charge, that "five witnesses of good character, who are unimpeached, are entitled to greater credit than one witness who swears differently."

This Court will not review the action of the judge *a quo*, in criminal cases, on Motions for a new trial involving questions of fact or matters resting largely within his discretion, unless the record discloses, and the Court is properly informed, that the ruling complained of, was arbitrary and clearly illegal.

APPEAL from the Eighth Judicial District Court, parish of East Carroll. *Delony, J.*

*J. W. Montgomery* for the Defendant, Appellant.

*John B. Stone,* District Attorney, and *J. C. Egan,* Attorney General, for the State, Appellee :

First—In charging the jury the judge is not confined to the specific charge asked for by defendant's counsel.

Second—The action of the court *a qua,* on a motion for a new trial. cannot be reviewed on appeal, unless an unmixed question of law be presented. 11 An. 478.

Third—In moving for a new trial on the ground of newly-discovered evidence, and the name of the witness be not disclosed in the affidavit, the motion will be overruled. 8 R. 543.

Fourth—To obtain a new trial it is not sufficient to allege that one of the witnesses made contradictory statements out of court; it must be shown that the conviction was had on his evidence, and that his testimony was not true. 30 An. 305.

Fifth—When newly-discovered evidence is made the ground in the motion for a new trial it is a question of diligence and not an unmixed question of law ; therefore, the action of the lower court is not reviewable by the appellate court. 21 An. 473; 22 An. 468.

The opinion of the Court was delivered by

TODD, J. In this case, the defendant was tried and convicted of an assault with intent to commit robbery, and was sentenced to twelve months' imprisonment at hard labor in the penitentiary, from which sentence he has appealed.

He relies for a reversal of the judgment on the following assignment of errors, to wit :

1st. That the record does not show the arraignment of the defendant, or that he filed a plea to the information, nor that the District Attorney presented the information to the court, asking for leave to file the same.

2d. That the court was asked to charge the jury as set out in the bill of exceptions, which was refused; that the charges were not given in the language or in substance as requested, but were wholly emasculated by comments and qualifications of the judgment.

3d. That the charges of the judge were neither succinct nor lucid, but were confused, calculated to, and did confuse and mislead the jury.

4th. That the court erred in refusing the motion for a new trial.

5th. The court was asked to charge the jury that the testimony of five witnesses of good standing was entitled to greater weight than one witness who testified differently on the facts; which charge was practically refused, and given in such a manner as to mislead the minds of the jury.

Regretting that we have not been favored with any argument, oral or written, by the defendant's counsel in support of this assignment, we shall proceed to the discussion of the alleged errors in the order presented :

First. The record, which was corrected on the application of the Attorney General, shows that the accused was arraigned and pleaded *not guilty*, and asked for trial by jury, which shows a literal compliance with the legal requirements.

The information contains the usual averments " that the District Attorney comes in person into court, and with leave of the court first had and obtained, gives the court to understand and be informed," etc. This information was filed on the 12th May, 1880, and on the same day the minutes of the court recite : " His honor, the judge, caused to be filed in open court an information of the State of Louisiana vs. Louis Breckenridge, charging him with an assault with intent to rob, and ordered the clerk to issue a warrant for his arrest," etc.

This also shows a strict compliance with the law; leave to file the information was properly asked and properly granted.

Second. The bill of exceptions in the record shows the following facts on this point:

Among the charges asked by the defendants were the following:

" 2. That if there is no proof that the prisoner laid hands on Moses Butler or demanded his money, there could be no robbery or attempt to rob."

"3. That five witnesses of good character, who are unimpeached, are entitled to greater credit than one witness who swears differently."

The judge states in the bill " that these charges were given in full as requested, the court further charging, as shown on the margin."

By reference to this " margin," it appears that the judge after giving

the second charge as above, added " that the intent might be shown by acts of the accused."

And after giving the third charge, the judge " charged further that the jury were the judges of evidence, and from the manner of giving evidence by the witnesses, could place such weight upon the evidence as they saw proper."

These addenda to the charges asked were, in our opinion, proper. We think, however, that, even with the qualifications or modifications made by the judge *a quo*, the first charge complained of (the second in number) if incorrect, was so for the reason, in part, that in some respects it was too favorable to the accused.

The offense charged in the information is an assault with *intent* to commit robbery. The accused was not charged with an assault and battery. Therefore, that part of the charge that relates to a *battery*, or that the prisoner laid hands on the party against whom the offense was charged to have been committed, was wholly inapplicable, as an *assault* with intent to rob, and not a *battery*, had been charged. Then, again, it was not correct to assume or conclude, and so instruct the jury, as the charge might imply, that " a laying on of hands" and a demand for his money was the only *evidence* that could establish the offense charged.

It might have been proved, for instance, that the accused had way-laid the party for the purpose of robbing him; that he had declared such intention or purpose to a confederate or other person; that the prosecutor was thus apprised of such purpose, and that the accused did commit an assault, though not a battery, in execution of his purpose. Such evidence, or evidence of a like character, might have been before the jury; yet under the restricted nature of the charge, confining the evidence to proof of a battery, and a demand for money, the jury could not consider it. The addendum of the judge was a partial correction of the error in the charge as asked, but not a complete one.

As to the second charge asked.

The jury in criminal cases are the judges, and the sole judges, of the evidence. Being such judges, it lies entirely within their judgment and discretion what witnesses they will believe, and what witnesses they will disbelieve, and what portion of the evidence they will accept as true, and what part they will reject. So, when a general rule was announced to them, that five witnesses should be believed rather than one who contradicted them, it was eminently proper to remind them at the same time, as was done by the judge, that they were the sole judges of the evidence. If they did receive and believe the statement of one witness in preference to that of five, it was in their power and discretion to do so; and

it may be that they exercised a sound discretion in doing so. They saw and heard the witnesses, and perhaps knew them all; and they had an opportunity to judge from the character of their statements and their manner of testifying, which of them told the truth, and which of them did not. A jury cannot be controlled in the legitimate exercise of their discretion in such matters by any such restrictive charge as was sought in this instance.

Third. We have no opportunity of judging whether or not the judge's charge was confused and obscure, and calculated to mislead the jury, inasmuch as the charge given was not reduced to writing, nor otherwise submitted to our view.

Fourth. As to the alleged error in overruling the motion for a new trial.

We have examined this motion, and find that it is not based solely upon unmixed questions of law, but contains only the ground, substantially, that the verdict was contrary to the law and the evidence, and the charge of the judge, and the further ground of the discovery of new evidence after the trial. These were grounds that addressed themselves peculiarly to the discretion of the judge, which we have no means of knowing, nor reasons for supposing from anything in the record, was not soundly exercised in this instance.

This Court will not review the ·action of an inferior judge on motions for new trial involving questions of fact, or matters resting largely within his discretion, unless the record discloses, and the court is properly informed that the ruling complained of was arbitrary and clearly illegal. 11 An. 478; 8 R. 543.

Fifth. It was objected, as shown by the bill of exceptions, to the judge *a quo* stating or giving in writing his reasons for overruling the motion for a new trial, and permitting such writing to be filed in the record. Inasmuch as this point, though made in the lower court, is not included in the assignment of errors filed in this Court, it might be inferred that it was waived. However, this may be, and although such action may be unusual and new to the practice in the courts of the first instance, as urged in the bill, we cannot see that it violates any law or rule regulating criminal trials, or was calculated to work any injury to the accused. The jury had already been discharged when the paper or writing was filed, and it could not be a matter for the consideration of another jury in the event of another trial; and, therefore, we do not perceive that it affords any ground of complaint, or is of the least force or significance.

The judgment and sentence appealed from are affirmed with ·costs.