## No. 9243.

## THE STATE OF LOUISIANA VS. J. J. COTTEN.

A motion for a new trial on the ground of newly discovered evidence must be refused when the affidavit of the accused shows that the evidence, so far from being newly discovered, was known to him all the while. Such motion must be supported by other testimony in addition to the affidavit of the accused. His alone will not suffice.

When four days have elapsed between the conviction and the sentence and the defendant's counsel complains that he wants more time to prepare a motion in arrest, he is without excuse and further delay was rightly refused.

APPEAL from the Twenty-third District Court, Parish of Iberville. *Talbot*, J.

*M. J. Cunningham*, Attorney General, for the State, Appellee.

*Chas. O. Lauve* for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J.   From a conviction of larceny and a sentence thereon to six months' hard labour the defendant appeals.   There are two bills;—

1. The first is to the refusal of a new trial that had been moved on the ground of newly discovered evidence.

The lower judge refused it because the defendant had had ample time and opportunity to have obtained the evidence.   He had been at large on bond some time, and both of the witnesses whose evidence is said to be newly discovered are within easy reach of the process of the court.   In fact one of them had been summoned by the defendant who willingly went to trial without even intimating that the absent witness was necessary to his defence or that his presence was desired.

State ex rel. Hearsey vs. Judge

Besides these reasons of the trial judge, it is manifest from the motion and affidavit that the wanted evidence was not newly discovered, but the whole of it was known to the defendant all the while. No effort was made to obtain the affidavits of these witnesses in support of the motion for a new trial. The affidavit of the defendant is its only support. It should have been corroborated by others and none other is usually so effectual as the affidavits of the witnesses whose testimony is said to be so important, and in the present instance they could readily have been obtained. But these affidavits would doubtless have disclosed, as does that of the defendant, that he knew of the evidence though his counsel did not. State v. Edwards, 34 Ann. 1012; State v. White, 35 Ann. 96.

2. When the judge was about to pass sentence, the defendant's counsel asked that it be deferred to give him time to prepare a motion in arrest which was refused for the reason that the counsel had had ample time to prepare it, and the judge believed it was merely a pretext for delay.

On the matter of time the judge was certainly right. The conviction was on the 16th—the sentence not until the 20th. Four days is time enough to prepare the most elaborate motion.

Judgment affirmed.