No. 10,363.

THE STATE OF LOUISIANA vs. TOM BECK.

1. In case a requested special charge is considered irresponsive to the proven facts and inapplicable to the case it is proper that the trial judge should decline to give it to the jury.

2. The trial judge is vested with a sound legal discretion in the allowance, or refusal of applications for new trials, and his action in denying same will not be reversed in the absence of a showing that the court had *abused its discretion* to the detriment of the accused.

APPEAL from the Third District Court, Parish of Claiborne, *Barksdale,* J.

---

*Walter H. Rogers,* Attorney General, for the State, Appellee.

---

*John Young* for Defendant and Appellant.

The opinion of the court was delivered by

WATKINS, J. The defendant was charged with murder, found guilty of manslaughter, and sentenced to imprisonment in the penitentiary for four years. This appeal is founded on two bills of exception, one of which was reserved to the declination of the judge to give to the jury a requested special charge, and the other to his refusing to grant a new trial.

I.

The first bill of exceptions purports to recite very much of the evidence on which defendant's counsel requested the following special charge, viz:

"That if the jury should find that a wound, not serious or likely to produce death, was inflicted by defendant; and they should further find from the evidence, that the death of the deceased was produced by malpractice on the part of those attending him, and did not result from the wound, they should find the defendant not guilty."

But the trial judge declined to so charge the jury for the reason there was "absolutely no such evidence before the jury" as that recited in the bill of exceptions; and because one "of the defendant's counsel stated in substance to the jury, in the course of his argument, that they did *not* rely on the defense of malpractice;" and hence the charge was inapplicable to the case. He says, in conclusion:

"The charge, even if it was law, was not applicable to the case; and the court believed from counsel's argument that all idea of such a defense had been abandoned; and it does not understand the law to be that an attorney can make a statement of facts concerning which there has been no evidence adduced, and then require the court to charge the law concerning such an assumed conclusion, even though the charge asked be law, abstractly considered."

It is now trite to say that when there is a difference between the defendant's counsel and the presiding judge with regard to the facts proven on the trial of the case, we feel bound to accept the statement of the judge; and, taking as true the statement we have just quoted, the requested charge was an improper one.

In State vs. Milton, 37 Ann. 77, this question was very carefully considered, and antecedent decisions and common law authorities were cited and reviewed, and this court expressed itself as follows, viz:

"The judge refused the charge for the reason, substantially, that it touched upon the facts, that it referred to facts of which there was no evidence whatever; and that it was inapplicable to the facts of the case and calculated to mislead the jury. Section 991 of the Revised Statutes

provides : In charging the jury in criminal cases, the judge must limit himself to giving them a knowledge of the law *applicable to the case.* *     *     The Constitution also, Article 168, restricts the authority of the court, in charging the jury, to the law of the case.

"Under these provisions we would not say that the hypothetical charges based upon the jury's belief of certain facts, are to be entirely excluded. But when such hypothesis embraces facts not supported by evidence and foreign to the case, the propositions of law based thereon become purely abstract propositions, and, under well-settled jurisprudence, the judge is not bound to charge them. Wharton's Crim. Pl. and Pr., Secs. 712, 797 ; Bishop's Cr. Prac., Sec. 987; State vs. Standerman, 6 Ann. 287; State vs. Thomas, 34 Ann. 1084; State vs. Jackson, 35 Ann. 769."

See also State vs. Ford, 37 Ann. 443; State vs. Labuzan, 37 Ann. 489 ; State vs. Primeaux, 39 Ann. 673; State vs. Durr, 39 Ann. 751.

A proposition so firmly established in our jurisprudence, and. so imbued in the principles of the common law, ought not to need additional argument to support them, or additional repetition, to make it plain, that it is our purpose to adhere to them.

## II.

The defendant's application for a new trial rests on the grounds, first, "that a material and competent witness   *   *   whose testimony would have *likely* produced a different verdict, was deterred, through fear of personal violence, from testifying in the case;" second, because there was error in the refusal of the court to give to the jury the special instruction requested—see preceding paragraph; fourth, because of a prejudice in the public mind against the defendant in which he believes some of the jury participated to the effect "that there was a belief which prevailed that he (the accused) was the son of a man who committed a horrible crime on the person of a highly respected white lady of this parish some years ago," etc.

To this application is appended an affidavit of one Alice Johnson, which tends to show that she was influenced through fear of personal violence not to attend, as a witness on the trial of the cause, and deliver her testimony.

But taking the motion, all in all, it seems to us a manifest attempt at trifling with justice, and undeserving of serious consideration.

The motion merely enumerates the reasons why the accused deems himself entitled to a new trial, and it recites merely that affiant was acquainted with the accused, and with one George Washing-

ton West, who is styled "the principal witness for the State," and heard him say "that when court came on and Beck was tried again, he intended to *smite* him if he could;" and it further recites, that Bird Brown, the father of Anna Brown, a girl of fifteen years of age, and a witness for the defendant, told the latter "that she should not go, and "that she knew nothing about the case, and if she went to tell anything as a witness, that he would whip her," and that Anna Brown said afterwards "that the reason she would not tell what West said was, that her father threatened to whip her if she did."

Neither the motion, nor the affidavit contains any statement of what the witness Anna Brown, knew about the facts of *this* case, and there is no averment as to diligence, nor that any effort had been made to secure her attendance as a witness, nor that there was no other witness by whom the same facts could be established.

On the plainest principles of criminal proceedure, this affidavit is wholly insufficient, and the remaining two grounds of the motion are frivolous.

The trial judge is vested with a sound legal discretion in the matter of the allowance of new trials which are grounded on facts outside of what is matter of record, and particularly when the exercise of this discretion depends on testimony of witness, is, and it will not be interfered with except in extreme cases, and when it clearly appears that same has been erroneously exercised.

"Motions for new trials, are addressed to the discretion of the trial court whose action in denying them, will not be reversed in the absence of a showing that the court had *abused its discretion* to the detriment of the appellee." Knoblock's Crim. Dig., p. 339, and the various cases therein enumerated.

We think the application was correctly refused.

Judgment affirmed.