No. 13,962.

## STATE OF LOUISIANA vs. GEORGE BENJAMIN.

105 501
109 351

### SYLLABUS.

A motion for a new trial is, in a large measure, left to the discretion of the trial judge, and his refusal to grant it will not be reversed in the absence of satisfactory evidence that such discretion has been abused.

APPEAL from the Twenty-first Judicial District, Parish of Iberville—*Claiborne, J.*

*Walter Guion,* Attorney General, and *Albin Provosty,* District Attorney, (*Lewis Guion,* of counsel,) for Plaintiff, Appellee.

*Hebert & Hebert,* for Defendant, Appellant.

The opinion of the court was delivered by

MONROE, J. The defendant having been convicted of larceny and sentenced to imprisonment at hard labor, presents his case to this court upon a bill of exceptions to the refusal of the judge *a quo* to grant him a new trial. The bill relied on sets forth that the mover was convicted on circumstantial evidence, consisting of the fact that a pocket-book,

containing two credit slips with his name on them, was found in the room from which the articles alleged to have been stolen were taken, and that, since the trial, he has discovered evidence, of the materiality of which he was previously ignorant by reason of the fact that he was without counsel to advise him; and said bill sets forth the character of the evidence, and the names of the witnesses upon which, and upon whom, the defendant relies, but alleges that he was unable to obtain the affidavits of such witnesses in support of his motion, because of their hostility. It further sets forth that the defendant desired to testify in his own behalf, but did not do so because he was ignorant of his rights. There is also an objection that he was sentenced too soon after his conviction.

The statement of the trial judge is, that the accused furnished a list of witnesses to be summoned on his behalf, and that they were summoned and testified; that, being asked whether he had any further evidence to offer, he answered in the negative; that he did not ask for counsel, and made no objection to his sentence; that his motion for new trial was not supported by the affidavits of the witnesses; and that the evidence to be obtained, as set forth in said motion, could have no material bearing in the case and would have no weight in determining the verdict, even if it had been offered on the trial.

It appears upon the face of the record that the defendant was convicted and sentenced March 29th, 1900, and the bill of exceptions states that he employed counsel, thereafter, upon the same day. It further appears that the motion for new trial was filed April 1st, heard and submitted April 3rd, and refused April 9th. As the judge states, said motion was unsupported by the affidavits of the witnesses named in it, nor is it supported by any affidavit save that of the defendant himself. And no witnesses appear to have been summoned, and no testimony was taken in its support. Under these circumstances, we find nothing to take the case from within the rule that "motions for new trial are, in a large measure, left to the discretion of the trial court. The refusal will not be reversed in the absence of showing that the court abused its discretion."

State vs. Venerables, 46 Ann. 215; State vs. Bailey, 50 Ann. 537; State vs. Prade, 50 Ann. 914.

Judgment affirmed.