MONROE, J.
The defendant was tried under an indictment for murder, and was convicted of manslaughter, and duly sentenced. 1-Iis case is presented to this court upon the following bills of exception:
1. To the refusal of the trial judge to charge “that, where there is a conflict in the testimony, the preponderance of testimony governs, when the witnesses are equally credible and unimpeached.” The judge states that he had charged the jury that they were the exclusive judges of the law and facts, and also as to the law upon the subject of “reasonable doubt,” to which he adds: “Besides, the charge, as stated, is not sound, and does not state the principle recognized in criminal jurisprudence.” These reasons sustain the action complained of, and we have nothing to add to them. State v. Breckenridge, 33 La. Ann. 310; State v. Chevallier, 36 La. Ann. 81; 11 Enc. Pl. & Prac. pp. 288, 342.
2. To the action of the judge in permitting one of the jurors to separate from the other jurors. It appears from the statement of the judge that one of the jurors was permitted to go into a closet, in which there is a urinal, the door of which opens into the courtroom, and in which there was at the time no other person; and that the juror was accompanied by a deputy sheriff. There is no merit in this bill. State v. White, 52 La. Ann. 206, 26 South. 849; State v. Scanlan, 52 La. Ann. 2058, 28 South. 211; State v. Veillon, 105 La. 411, 29 South. 883.
3. To the action of the court in overruling an objection to the question, propounded by the district attorney to the defendant, who had placed himself on the stand as a witness, “How many times have you been before the court?” The judge states that the question was asked on cross-examination to test the credibility of the witness, and that his answer in the negative — i. e., substantially, that he had not been before the court at all — was in no manner disputed. The question was admissible under the circumstances and for the purpose stated. 8 Enc. Pl. & Prac. p. 117. Besides which it is clear, in view of the answer, and of the fact that it was not disputed, that the question inured rather to the benefit than to the prejudice of the defendant.
4. To the action of the court in charging the jury, who, after 11 hours, had reported that they were unable to agree, that “they should come to some decision in the matter, and that they had nothing to do with the penalty, and that it would put the parish to considerable expense if they did not agree upon a verdict.”
The judge denies specifically that he gave the charge as thus stated, and says that he was advised that the jurors were disagreeing as to the penalty which should be inflicted, and that he charged them that the question as to the penalty to be inflicted was not legally within their province to determine; that they were merely to pass upon the question of guilt or innocence of the accused, according to the law and the evidence; that, should they determine that the accused was guilty as charged, and return such a verdict, or render a qualified verdict of “guilty without capital punishment,” the law fixed the penalty in each case; and, should they find the accused guilty of manslaughter, the penalty would necessarily be imprisonment in the penitentiary for not more than 20 years, the term within that limit to be fixed by the judge; that it was desirable, on account of the public interest involved, that juries should agree, if possible, without violating their honest convictions; and that they should allow no pride of opinion, hastily, perhaps, expressed, to influence them so as to prevent a free and candid consideration and *349 discussion of the issue. It does not appear that the judge was requested to reduce his charge to writing, or that he did so, and we must accept his statement as to the charge given, and, thus accepting it, we find it unexceptionable.
5. To the refusal of the court to charge the jury “that, when the accused takes the life of the deceased in defense of the life of his brother, it is justifiable homicide.”
From the statement of the judge, incorporated in this bill, it appears that the charge in question would have been inapplicable to the facts in the ease as developed by the testimony; that the witnesses for the defense testified that the difficulty arose between the deceased and the defendant, and that the deceased was the aggressor, fired the first shot, and was in the act of killing the defendant when the defendant killed him; that no witnesses testified that the deceased had made any attack upon the brother of the defendant; and that, though the latter received a shot from the defendant during the affray, the defendant himself testified that he was not aware of that fact until after the shooting was over. The judge goes on to say that, if the charge, as requested, had been applicable to the facts, it would, nevertheless, have required modification. No testimony has been brought up, and, accepting the statement of the judge as to the facts in evidence, there is no error in the ruling. State v. Chandler, 5 La. Ann. 491, 52 Am. Dec. 599; State v. Stouderman, 6 La. Ann. 287; State v. Thomas, 34 La. Ann. 1084; State v. Primeaux, 39 La. Ann. 675, 2 South. 423.
6. To the action of the court in overruling a motion and an amended motion for a new trial.
The original motion for new trial, filed upon the day following the finding of the verdict, merely sets forth that the verdict is coiitrary to law and the evidence.
Five days later — that is to say, upon the day that the original motion was fixed for hearing — the counsel for the defendant, with leave of the court, filed an amended motion, verified by the affidavit of the defendant, in which the latter alleges:
“That he has discovered, since the trial of this case, that Viola Jackson and Milton Simms, who live near * * *, in this parish, * * * were material witnesses in his behalf, and would testify that the deceased, George Cunningham, * * * shot at the defendant, at the time that the homicide occurred, first, and also shot defendant’s brother, George Callian, before defendant fired the fatal shot which resulted in the death of the deceased. Defendant alleges that the discovery of this evidence has been made since the trial, and that he had used every effort and diligence in his power to procure the necessary evidence previously; that said evidence is important and material to your defendant's defense herein; that due diligence would not have obtained the evidence at the former trial; that the witnesses are within the process of this honorable court, and tlieir testimony can be had at the next term of said court, and that they would testify to the evidence above set forth.”
In signing the bill of exception to the overruling of the motion as thus amended, the judge a quo says:
“There was nothing adduced in support of the allegation as to the newly discovered evidence except the mere affidavit of the accused, although it appeared that ample time had elapsed since the conviction to have enabled the accused to have procured the attendance of the alleged witnesses, or at least their affidavits. Conceding that the alleged witnesses would testify as alleged in the motion, their testimony would be merely cumulative. A number of witnesses were sworn on behalf of the defendant on the trial of the case, whose testimony was to that effect. In fact, the newly discovered evidence is substantially a reiteration of the statements made on the trial of the ease by all of the defendant’s witnesses. The homicide occurred in a room, at a dance, in the presence of a number of people, a great many of whom were sworn as witnesses for the defendant. The alleged witnesses live in the vicinity of where the homicide occurred, and of where the friends and relatives of the accused reside. * * * If due diligence had been exercised, it does not seem credible that the friends and relatives of the accused, who appear to have spared neither money nor time in his defense, could have failed to discover that in their own neighborhood there lived *351 other witnesses who would make statements as alleged in the' motion, if they had deemed further testimony necessary.”
Dealing with questions similar to the one presented, this court has said: “Nothing is presented except the affidavit of the prisoner as to the existence and new discovery of the evidence. It is perfectly settled in our jurisprudence that the ruling of the district judge in such a case will not be disturbed. State v. Gregor, 21 La. Ann. 473; State v. Smith, 22 La. Ann. 468; State v. Haase, 14 La. Ann. 79; State v. Rolland, Id. 40; State v. Alverez, 7 La. Ann. 284; State v. Hunt, 4 La. Ann. 438; State v. Long, Id. 441.”
“A contrary ruling would render the granting of new trials or the remanding of cases on the ground of refusal dependent simply upon the skill of counsel in preparing sufficient affidavits, and the consciences of convicted criminals in swearing to them.” State v. Edwards, 34 La. Ann. 1013; State v. Washington, 36 La. Ann. 341; State v. Cotten, 36 La. Ann. 980; State v. Gauthreaux, 38 La. Ann. 610.
“The refusal of a new trial on the ground of newly discovered evidence will not be overruled when the evidence is cumulative merely, and not supported otherwise than by the affidavit of the accused.” State v. Hanks, 39 La. Ann. 234, 1 South. 458. See, also, State v. Hendrix, 45 La. Ann. 500, 12 South. 621; State v. Bailey, 50 La. Ann. 533, 23 South. 603; State v. Lejeune, 52 La. Ann. 465, 26 South. 992.
In State v. Venables, 40 La. Ann. 215, 3 South. 727, it was said:
“notions for new trial are left largely to the discretion of the trial judge, and, unless the record makes it apparent that his discretion has been unwisely or arbitrarily exercised, his rulings thereon will not be disturbed.” State v. Venables, 40 La. Ann. 215, 3 South. 727. See, also, State v. Prade, 50 La. Ann. 914, 24 South. 642; State v. Benjamin, 105 La. 501, 29 South. 969; State v. Maxey, 107 La. 799, 32 South. 206.
The counsel for the accused have forwarded to the clerk of this court their own affidavits, made after the completion of the transcript of appeal, in which they seem to question the statement of the trial judge as contained in the bill of exception which we have numbered 5. These affidavits form no part of the record, and cannot be considered.
Judgment affirmed.