Statement of the Case.
MONROE, J.
After his trial for the murder of Minnie Jackson and her infant son, and his conviction, defendant applied for a new trial, on the grounds of insufficient evidence and newly discovered evidence, attaching to his application the affidavits of the discovered witnesses; and, the application having been denied, he reserved his bill of exception, upon which alone his ease is presented to this court. The question of the insufficiency of the evidence is one with which this court is without jurisdiction to deal. As to the newly discovered evidence, the motion for new trial alleges (in substance) that, since the trial, it has eome to the knowledge of defendant that, on or before the date of the killing, Monroe Jackson, the husband of Minnie Jackson, was in Lake Charles, and—
“shortly before 'tlie killing, in the presence of Silver Queen, now living in Salt .Lake, Texas, asked his wife * * * whose child that was she had with her; that she replied that the child belonged to Elija Hodge; that Monroe Jackson then told her that, unless she got rid of the child, he would kill them both; and that, after the killing, he left the city and has not since returned.”
Defendant makes' affidavit, recapitulating the statements contained in the motion, and there is an affidavit, signed “Rosa Lee,” to the *268 effect that Minnie Jackson lived in the affiant’s neighborhood; that Monroe Jackson, her husband, came to see her shortly before she was killed; that Minnie Jackson told affiant that he had asked her whose was the child that she had, and that, on her replying that it was Hodge’s child, he had said that she had better get rid of it by the time he returned “or he would tend to her.” There is another affidavit, signed “Vinney Cade,” which states that Monroe Jackson came to the affiant’s house, where Minnie Jackson was staying, and told her (Minnie Jackson) that she must marry Hodge, or get rid of the child and go with him, when he came back for her. The judge a quo gives the following reasons for refusing the new trial, to wit:
“I overruled the motion for new trial on the first ground, because in my opinion the verdict of the jury is sustained by the law and the evidence. I overruled the motion on the ground of newly discovered evidence, because I gave little or no credence to the threats alleged to have been made by Monroe Jackson. Rosa Lee, one of those making the affidavits in support of the alleged threat, was subpoenaed as a witness for defendant, was present at court, and must unquestionably have known that the accused was on trial for murder, and yet did not reveal the alleged threat to the counsel of accused. The affidavit does not account as to why the evidence as to these alleged threats was not discovered before trial, or during trial, though I was informed in argument by counsel for defendant that it was because Rosa Lee and Vinney Cade, the two affiants as to threats, and who are neighbors of the deceased, stood in fear of Monroe Jackson, though it also appeared that Monroe Jackson lived and has been living in an adjoining palish. It should also be noticed that the accused boarded in the house with the deceased, and was therefore a neighbor of these two witnesses. I overruled the motion for the further reason that the threats alleged to have been made by Monroe Jackson, even though true, beyond question, do not exclude the guilt of the accused, do not break a single link in the chain of circumstances against him, hut could even be reconciled with the guilt of the accused, as both could stand together. To explain: Minnie Jackson and her child were found dead in their bed, their skulls cut, and the throat of the child cut. No one saw the deed committed. The state rested on circumstantial evidence — the circumstances running from the morning of the murder to the arrest of the accused, some ten days or two weeks afterwards. The court may readiJy see that two may be implicated as well as one; that newly discovered evidence, though relevant to the issue, ought not to he ground for new trial, which new evidence, at best, simply has a tendency towards implicating another, and has no strong tendency to overthrow or weaken materially any of the facts and circumstances upon which defendant’s conviction rests. The sole circumstance which the new evidence touches at all is that there was evidence that the blows were struck by one who wielded an ax left-handed, which evidence indicated that the actual blows were struck by one person.”
Opinion.
The trial judge is vested with great discretion in the matter of granting or refusing new trials applied for on the ground of newly discovered evidence, and this court will not reverse his rulings, unless that discretion has been abused and there is manifest error. State v. Beaird, 34 La. Ann. 104; State v. Beck, 41 La. Ann. 584, 6 South. 431; State v. Davis, 48 La. Ann. 727, 19 South. 670; State v. Baum, 51 La. Ann. 1112, 26 South. 67; State v. Benjamin, 105 La. 501, 29 South. 969; State v. Maxey et al., 107 La. 799, 32 South. 206; State v. Pastor, 111 La. 717, 35 South. 839. The reasons assigned for the ruling in the case at bar convince us that the application for new trial was without merit.
Judgment affirmed.