Statement of the Case.
MONROE, J.
Defendant, having been indicted, with three other negroes, for burglary and larceny, and having been convicted, moved for a new trial, on the ground of newly discovered evidence, attaching to his motion the affidavits of the witnesses named in the motion, from which, and from the statement of the trial judge, we gather that defendant and the other indicted men (who are said to be now fugitives from justice) were working on a railroad, and were sent, on a hand car, to a store, on the roadside, for supplies; that they obtained the supplies and left the store, which was, shortly afterwards, broken into; and that defendant' was convicted, on the testimony of two negro boys, eyewitnesses, who identified him as one of the burglars, and who were found with some of the stolen goods in their possession. One of the affidavits, above mentioned, states that on the day of the burglary the affiant, Joe Ellis, was employed in ditching about a quarter of a mile from the store; that the track was straight and the view clear to the store; that he saw the hand car pass, going to the store, and saw it leave the store, after which it did not stop, but followed them (meaning himself, presumably, and those who were working with him) into camp; six miles from the store; that he was in plain view of the hand car and knows that it did not stop at the store over 12 minutes; that, when it returned, it had no goods on it, save certain articles which he mentions, purchased at the store; that defendant could not have robbed the store without witness seeing him; and that he did not see him. Four other men make affidavits to the effect that they have read Joe Ellis’ affidavit and that it is true; that it would have been a physical impossibility for defendant to have robbed the store without their seeing him, and that they did not see him. There is an affidavit, similar to that of Ellis’, signed by Charles F. Boyle, who states that he was section foreman. There is another affidavit, signed by Holbert Win-born, who says that he is roadmaster; that, several days before the trial of defendant, he notified the chief deputy sheriff that he *276 desired to bring into court some of tbe men in his employ, as witnesses for defendant; that, whilst they were beyond the jurisdiction of the court, he could have brought them to Minden within a short time after being notified of the fixing of the case; that it would have been practically impossible to have summoned them, as they wei*e working on the railroad and were constantly being moved from one parish to another; that the most practical way to have secured them was that suggested by defendant; that the chief deputy sheriff promised and agreed to notify him when the case was fixed and when to bring the witnesses, but failed to do so; that, as defendant relied on his promise, he had to go to trial without a witness in his behalf. The aflidavit of Mr. Winborn does not identify the witnesses to whom it refers with those named in the motion for new trial, nor does it say what they would swear to; and, as the motion for new trial contains the statement, sworn to by defendant, that he did not, until after his conviction, know of tbe existence of the witnesses named by him, it looks as though those referred to by Winborn and those named by him are not the same.
The statement, per curiam, in the bill of exception, is;
“First. The case was clearly made out, beyond doubt. Second. The defendant has not shown due diligence; the preliminary trial was had five months before the bill of indictment was found, and the attorney representing defendant in that trial, and some of the witnesses he claims he wants, were present at the trial and could have been summoned for final trial. All this time elapsed and no effort made to get a single witness and none were summoned for final trial and no time asked for. When the case was called, the attorney rose and stated that his client had made no arrangement to pay him a fee in the case and he desired to withdraw from the case as a paid attorney, but would represent him under appointment of the court, and announced ready for trial, and the case was tried and defendant convicted. The court is clearly of the opinion that, if the case were opened and the evidence heard, it would not change the verdict, as two eyewitnesses saw the breaking and stated that defendant was one of the parties.” .
Opinion.
The case thus presented is typical of the class which underlie criminal jurisprudence, to the effect that the trial judge is vested with great discretion in the matter of granting or refusing new trials, applied for on the ground of newly discovered evidence, and that the appellate court will not reverse his rulings unless that discretion has been abused or there is manifest error. We find no such abuse or error in this Case. State v. Beck, 41 La. Ann. 584, 6 South. 431; State v. Davis, 48 La. Ann. 727, 19 South. 670; State v. Beaird, 34 La. Ann. 104; State v. Maxey et al., 107 La. 799, 32 South. 206; State v. Benjamin, 105 La. 501, 29 South. 969; State v. Pastor, 111 La. 717, 35 South. 839; State v. Baum, 51 La. Ann. 1112, 26 South. 67.
Judgment affirmed.