MONROE, J.
Defendants prosecute this appeal from a conviction and sentence for stealing a calf. The only bill of exception that we find in the record was taken to the overruling of a motion for new trial. It is therein alleged:
(1) That defendants were convicted on circumstantial and hearsay evidence; and (2) that they had discovered new and material evidence after the trial.
The trial judge, in signing the bill, gives the following reasons for overruling the motion, to wit;
“The evidence in said case was conclusive as to the guilt of said defendants, and was positive, although some hearsay evidence went to the jury, without any objection on the part of the attorney of said defendants; but the evidence was ample for conviction, and which was positive and direct evidence. As to the question of newly discovered evidence, to prove that the said calf was seen after said parties were charged with the stealing, that point was brought out before the jury, and evidence of' one of the witnesses named in the motion was admitted by the district attorney, on a motion for continuance, said witness being one Lejeune, the same person, and was also proven by another witness at said trial.”
[1,2] It is no ground for the reversal of a conviction that the defendant has allowed hearsay evidence to go to the jury, without objection. Marr’s Or. Jur. of La. § 419. The motion for new trial does not state that the newly discovered witnesses were within the jurisdiction of the court, or that there was no other witness by whom the fact referred to in the motion could have been proved. And the record shows that counsel for defendants moved for a continuance, on the ground that one of their witnesses, Portalis Lejeune, was absent, and that, if present, he would testify that the calf in question was seen two days after it was said to have been stolen, whereupon the district attorney admitted that, if present, he would so testify. Again, the affidavit of the accused is wholly uncorroborated, and the rule is well settled .that the unsupported affidavit of the accused to the motion is insufficient, and must be corroborated by the affidavits of others — of the newly discovered witnesses themselves, if possible; that the failure to furnish the affidavits of the newly discovered witnesses must be explained or accounted for; and that the refusal of a new trial will not be disturbed, when neither the witnesses nor their affidavits are produced on the hearing of the motion. Marr’s Cr. Jur. of La. p. 831, and authorities there cited.
Judgment affirmed.