(65 South. 737)

No. 20461.

STATE v. ZAGONE.

(June 8, 1914. Rehearing Denied June 29, 1914.)

*(Syllabus by Editorial Staff.)*

1. CRIMINAL LAW (§ 1158*)—APPEAL—MATTERS REVIEWABLE.

In criminal prosecutions the Supreme Court is without jurisdiction of questions of fact.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3067–3071; Dec. Dig. § 1158.*]

2. CRIMINAL LAW (§ 938*) — NEW TRIAL — NEWLY DISCOVERED EVIDENCE.

In a prosecution for the unlawful sale of intoxicating liquors, accused is not entitled to a new trial on the ground of newly discovered evidence that the street upon which his place of business was located was so wide that the prosecuting witness could not, from across the street, have seen sales of intoxicating liquor, that the bags used by accused in his business were of a different color from the one which the prosecuting witness testified was around a bottle of whisky, and that accused had refused to sell to a newly discovered witness intoxicating liquor, for such matters must have been within accused's knowledge before trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2306–2315, 2317; Dec. Dig. § 938.*]

3. INTOXICATING LIQUORS (§ 235*)—OFFENSES—EVIDENCE—ADMISSIBILITY.

In a prosecution for the sale of intoxicating liquors without a license, evidence that accused had refused to sell liquor to a particular individual is not admissible.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 299; Dec. Dig. § 235.*]

4. CRIMINAL LAW (§ 938*)—NEW TRIAL—DISCRETION OF TRIAL COURT.

The granting of a new trial on the ground of newly discovered evidence rests largely, if not entirely, in the discretion of the trial court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2306–2315, 2317; Dec. Dig. § 938.*]

Appeal from First Judicial District Court, Parish of Caddo; John R. Land, Judge.

Charley Zagone was convicted of selling intoxicating liquors without a license. From a judgment denying a new trial, he appeals. Affirmed.

Cal D. Hicks, of Shreveport, and Benj. T. Waldo, of New Orleans, for appellant. R. G. Pleasant, Atty. Gen., and W. A. Mabry, Dist. Atty., of Shreveport (G. A. Gondran, of New Orleans, of counsel), for the State.

PROVOSTY, J. [1] The accused, having been convicted on a charge of selling intoxicating liquors without a license, moved for a new trial, on the ground that the evidence had not been sufficient for his conviction. To the judgment overruling that motion he reserved a bill of exception, and now relies upon this bill for having a new trial granted him. In this bill he has recited the evidence offered on his trial, or what he says was the evidence, and the trial judge has appended a statement of his own of the facts. But this court is without jurisdiction of questions of fact in a criminal case.

[2-4] The motion for a new trial was not based on the ground of newly discovered evidence; nevertheless accused filed in support of it three affidavits of as many persons, one of them to the effect that only one witness had testified on the trial, and that affiant had on several occasions "during the early part of last summer" made an effort to induce the accused to sell him beer, and the accused had refused; another to the effect that affiant had sold to the accused the paper bags made use of in his business, and that these bags were not yellow, whereas the sole witness produced against the accused had testified that the pint of whisky which accused was charged with having sold was wrapped in a yellow paper bag; and the third, that he had measured the street across which the said prosecuting witness had said

he had seen accused selling the whisky, and that it was 40 feet wide and the sidewalks 12 feet wide. And upon these affidavits the counsel for accused argues that the prosecuting witness is discredited by this new evidence, and that another trial would result differently.

In the first place, the evidence in question cannot be said to be newly discovered evidence in the sense of the law; at the time of the trial accused knew the width of the street in front of his own door, and the color of the bags used in his business, and whether he had refused to sell beer. Moreover, the fact that he had refused to sell beer to any particular individual would not be admissible in evidence, for several obvious reasons. In the second place, if said evidence had been newly discovered and admissible, motions for new trial depending upon the weight of newly discovered evidence are left largely, if not entirely, to the discretion of the trial judge.

Judgment affirmed.