THOMPSON, J.
 

 The defendant was convicted of manslaughter, and from an indeterminate sentence of five to seven years in the penitentiary prosecutes this appeal.
 

 Under a single bill of exception which was reserved to the denial of a motion for a new trial, it is contended: (1) That the defendant was forced into trial over his objection and protest without the evidence of a material witness for whom a subpoena had been timely issued but had not been served, thereby depriving the defendant of the due process of law to obtain the presence of his said witness; and (2) that the court erred in refusing a new trial based on the allegation of newly discovered evidence.
 

 The motion for a new trial alleges;
 

 “That since the trial of this case mover has learned for the first time that Johnny Rut-land, who is a white man, residing in Bogalusa, La., was an eyewitness to the shooting, was standing near at the time, and will swear, if present, that the deceased actually drew a knife on the accused and was trying to cut accused when accused shot him.”
 

 The judge in his per curiam states that the allegation that Rutland was an eyewitness was not borne out by the testimony of the other witnesses present, but that if the said witness was present at the killing, the defendant must have known it before the trial; that the motion is evidently a misstatement of facts, and that the counsel for the defendant had evidently been misinformed by his client. ■
 

 Aside from the statement of the trial judge of the want of due diligence on the part of defendant in discovering the new witness and what he would testify if present, and of the statement of the judge that the presence of the newly discovered witness at the killing was negatived by the evidence on the trial, it does not appear that any affidavit was obtained from the witness Rutland as to the facts it is alleged he would testify to; nor does it appear that defendant offered to make proof of such facts in support of his motion for a new trial. No reason is given why the affidavit of-the witness could not be obtained.
 

 Applications for new trial are within the discretion of the trial judge, and the refusal of a new trial on the ground of newly discovered evidence will not be disturbed on appeal unless there .is manifest or arbitrary abuse of that discretion.
 

 The refusal of a new trial on the ground stated is justified when the application is not supported by the affidavit of the newly discovered witness, and where no evidence is offered on the motion to sustain the
 
 *1091
 
 allegations as to such newly discovered evidence.
 

 This has been the uniform ruling of this court. State v. Young, 34 La. Ann. 347; State v. Edwards, 34 La. Ann. 1012; State v. Miller, 36 La. Ann. 158; State v. Washington, 36 La. Ann. 341; State v. Cotten, 36 La. Ann. 980; State v. Hanks, 39 La. Ann. 234; State v. Adams, 39 La. Ann. 238, 1 So. 455; State v. Jones, 112 La. 980, 36 So. 825; State v. Callian, 109 La. 346, 33 So. 363.
 

 In State v. Louvier, 129 La. 924, 57 So. 270, it was said:
 

 “The rule is well settled that the unsupported affidavit of the accused to a motion for a new trial, on the ground of newly discovered evidence, is insufficient; that it must be corroborated by that of the newly discovered witness, if possible; that the failure to furnish such corroborative affidavit must be explained or accounted for; and that the refusal of a new trial will not be disturbed, when neither the witness nor his affidavit is produced on the hearing of the motion.”
 

 See, also, State v. Irby, 131 La. 796, 60 So. 253.
 

 On the other question presented, that the defendant was not accorded the benefit of the process of law to get his witness, it appears from the record, as made up in the court below and filed in this court, that before the day on which the case was fixed for trial the defendant caused a subpoena to be issued for a witness named Sol Hathorne. Summons was never served on the witness for the reason, as shown by the record, that he could not be found.
 

 The minutes of the court show that — •
 

 “The accused Archie Singleton being present in open court with his counsel, Gordon W. Goodbee, and the state and the defense having announced their readiness for trial, this cause is ordered to be proceeded with pursuant to previous assignment, etc.”
 

 The trial judge in his per curiam states that the witness Sol Hathorne could not be found, that the sheriff and his deputies made diligent search throughout the parish, and his whereabouts could not be ascertained. He had evidently íeft this state. There was án attachment issued for this witness on motion of the counsel for the defendant, but diligent search throughout the parish failed to locate him.
 

 There was nothing before the court to show the materiality of the evidence of the witness Hathorne, and no affidavit was made for a continuance. The first information furnished the court as to what the witness would testify to was given in the motion for a new trial, supported only by the affidavit of the defendant.
 

 For all that, appears the witness had no family and no permanent residence, but was only transiently in the parish and worked about at different places. It does not appear therefore that there was any probability that the presence of the witness would ever be obtained if a new trial were granted.
 

 It is contended in support of the motion that proper efforts were not made by the sheriff to obtain service of either the subpoena or the attachment on the witness, and this fact is sought to be established by ex parte certificates and statements filed in this court on the day the case was submitted. It is very clear that such statements cannot be considered by the court. They were obtained long after the transcript of appeal was filed in this court, and therefore form no part of the record in the case.
 

 In the recent case of State v. Constanza et al. (No 26693) ante, p. 411, 102 So. 507, we refused to consider on behalf of the state certain per curiaras of the trial judge made and filed after the appeal had been granted and the trial judge had been divested of jurisdiction. The rule is as applicable to the accused as to the state. We are powerless to afford the accused any relief.
 

 The conviction and sentence are affirmed.