BRUNOT, J.
 

 The defendant was charged, tried, convicted, and sentenced for the larceny of an automobile. From the verdict and sentence he appealed.
 

 He relies upon two bills of exception.
 

 Bill No. 1 recites that the district attorney in his closing argument to the jury said:
 

 “The attorney for the defense has given np his case by stating to the jury that, even if they find the accused is the party who took the car, in that event a conviction would not be warranted, for the reason that the evidence in the case showed that said automobile was obtained for the purpose of a joy ride.”
 

 Defendant’s counsel excepted to the foregoing statement, and reserved this bill of exception.
 

 The pertinent part of the judge’s per curiam to the bill is as follows:
 

 “And in answering counsel for the defendant the district attorney did use substantially the language stated in the bill; but the substance of his entire argument was to the effect, not that the attorney for the defense has given up his case, but that, if possession of the car was admitted, then the facts warranted the conviction of the accused.”
 

 The per curiam of the judge must be accepted as a correct statement of the circumstances under which the district attorney’s comments were made and of the relevancy of the comments, because there is nothing in the transcript with reference thereto except the bill itself and the judge’s per curiam. Counsel did not request the judge to instruct the jury concerning the matter, but in his brief he argues that the judge should have done so of his own motion, and his failure to do so was error. It may be that, in cases where a manifest error is committed, and there is ground for a reasonable belief that the defense is prejudiced thereby, and the attention of the court is called to the error by a timely exception, the court, of its own motion, should interpose to such an extent as the. exigencies of the case and the preservation of the legal rights of the accused might require, but no such case is presented here. In this case the district judge, in sub
 
 *473
 
 stance, says that the district attorney is not chargeable with error, but that counsel for defendant misinterpreted and misapplied his argument.
 

 “Argument of counsel is left in great part with the trial court to restrain within due bounds, and unless it goes entirely too far, there will be no interference on appeal.” State v. Johnson, 19 So. 213, 48 La. Ann. 89; State v. Spurling, 40 So. 167, 115 La. 790; State v. Meche, 38 So. 152, 114 La. 231; State v. Montgomery, 46 So. 997, 121 La. 1006; State v. Mitchell, 44 So. 132, 119 La. 374; State v. Brady, 50 So. 806, 124 La. 951.
 

 Bill No. 2 was reserved to the overruling of a motion for a new trial. The motion is based upon the ground of newly discovered evidence. It is alleged in the motion that during the trial of the case it became material to the defense to prove that a person named Bernice Tolbert once lived in Alexandria; that three witnesses had been found who would testify that on various dates during the month of August, 1925, they had seen Bernice Tolbert and the accused together in the city of Alexandria and elsewhere, and, at the time of the trial, defendant knew the name of only one of these witnesses. The affidavits of Berman Williams, David Wharton, and George Stone, the witnesses referred to in the motion, are attached thereto. Af"fiant Williams says that he saw the accused and Bernice Tolbert together in Alexandria several times during the month of August. Wharton says he saw them together at Oak-dale during that month, and Stone says he saw them together several times, but does not fix the place or date. The record does not disclose the materiality or relevancy of this evidence. But, whether is was relevant or otherwise, it is a prerequisite to the granting of a new trial which is applied for on the ground of newly discovered evidence that there be a showing of due diligence on the part of defendant. The record discloses that, although the defendant and Tolbert were acquainted, and were often seen together before the commission of the offense of which defendant was convicted, and one of the witnesses named in the motion for a new trial was known to defendant prior to the trial, no effort was made, and the process of the court was not sought by the defendant, to secure the presence of either of said witnesses at the trial. In defendant’s brief, pages 3 and 4, counsel says that during the trial defendant testified to his acquaintance with Tolbert and to the latter’s presence in Alexandria at various times, and that this testimony was corroborated by three witnesses, viz. defendant’s mother, sister, and brother-in-law. It is therefore apparent that, if defendant’s motion had prevailed, a new trial would have been granted merely for the introduction of cumulative or corroborative evidence.
 

 “The trial judge is vested with great discretion in the matter of granting or refusing new trials applied for on the ground of newly discovered evidence.” State v. Beaird, 34 La. Ann. 104; State v. Beck, 6 So. 431, 41 La. Ann. 584; State v. Davis, 19 So. 670, 48 La. Ann. 727; State v. Baum, 26 So. 67, 51 La. Ann. 1112; State v. Benjamin, 29 So. 969, 105 La. 501; State v. Maxey, 32 So. 206, 107 La. 799; State v. Pastor, 35 So. 839, 111 La. 717; State v. Lee, 53 So. 559, 127 La. 265; State v. Thomas, 53 So. 562, 127 La. 273; State v. Zagone, 65 So. 737, 135 La. 550.
 

 The Supreme Court will not interfere with the overruling of a motion for a new trial predicated upon newly discovered evidence, where it appears that the trial judge was satisfied that the evidence was not newly discovered evidence and that defendant had not used due diligence. State v. Guiton, 24 So. 784, 51 La. Ann. 155.
 

 “Due diligence is a matter of fact upon which the judge’s opinion is presumably correct.” State v. Spooner, 6 So. 879, 41 La. Ann. 780.
 

 
 *475
 
 The per curiam of the trial judge to the bill we are now considering shows that in his opinion the evidence which is made the basis of the motion 'for a new trial is not newly discovered evidence, and that defendant did not use due or reasonable diligence, or make any effort whatever, to procure it. The verdict and sentence appealed from are therefore affirmed.