**159 So. 383**

## STATE v. BARTON.

### No. 33194.

Feb. 4, 1935.

McIntosh & Sims, of Oak Grove, for appellant.

G. L. Portérie, Atty. Gen., James O'Connor, Asst. Atty. Gen., D. J. Anders, Dist. Atty., of Winnsboro, and Lessley P. Gardiner, Asst. to Atty. Gen., for the State.

FOURNET, Justice.

The defendant, Pete Barton, was indicted for holding up and robbing the filling station of Joe Tamburo in the town of Delhi, La., on the night of July 23, 1934. The robbery was committed about 9 or 9:30 o'clock p. m. On or about August 18, the defendant was arrested on the charge, furnished bail, and was out under bond from that date until the day of his arraignment and the fixing of his case for trial, which was on October 10. He was convicted of the offense, and filed a motion for a new trial on the ground of newly discovered evidence.

The defendant annexed to his motion for a new trial the affidavits of four parties, three of whom stated in the affidavit that they were across the street from where the offense took place and that, if a new trial were granted, they would testify that defendant was not the party who held up the prosecuting witness. The fourth party in the affidavit states that, while he was not looking in the direction where the crime took place, he would testify, in the event a new trial was granted, that the other three alleged newly discovered witnesses were there. The trial judge overruled the motion on the ground that in his opinion the defendant had not sufficiently shown that by the exercise of due diligence the purported newly discovered evidence could not have been produced in the trial. In his per curiam, the trial judge further states that he was familiar with the locus in quo and was of the opinion that parties situated as the alleged new witnesses say they were, could not have been in a position to have identified the robber, and refused a new trial. The defendant excepted to the ruling of the court and promptly reserved a bill of exception.

The jurisprudence of this state with reference to the granting of new trials on the ground of newly discovered evidence is to the effect that such applications are left largely to the discretion of the trial judge, and that his refusal to grant such motions will not be reversed unless manifestly erroneous. State v. Heintz, 174 La. 219, 140 So. 28; State v. Johnson, 160 La. 470, 107 So. 309; State v. Thomas, 127 La. 273, 53 So. 562; State v. Lee, 127 La. 265, 53 So. 559; State v. Folden, 135 La. 791, 66 So. 223.

There is nothing in the record which would justify us in taking issue with our learned brother below, particularly since this

is a matter which is left largely to the discretion of the judge a quo. We cannot say that he has acted arbitrarily or abused the discretion the law vested in him, in refusing a new trial, and, consequently, the verdict of the jury and the sentence are affirmed.